IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Kenneth Paradiso,<br><br>Plaintiff,<br><br>v.<br><br>Epicker LLC, Atlanta Fork Lifts, Inc., Advanced Material Handling, LLC, Advanced Material Handling Systems, E-P Equipment Co., Ltd. a/k/a EP Equipment Co., Ltd., E-P Equipment, USA Corp. a/k/a EP Equipment, USA Corp., Toyota Forklifts of Atlanta, LLC, Toyota Material Handling, Inc., and Big Lift, LLC.<br><br>Defendants. | Civil Action No. 5:25-cv-14034-MGL<br><br>**AMENDED ANSWER OF BIG LIFT, LLC**<br>**(Jury Trial Requested)** |

Defendant Big Lift, LLC, hereby amends it's Answer to the Complaint of Plaintiff as follows, denying every allegation not specifically admitted:

### AS A FIRST DEFENSE

1.      Defendant lacks sufficient information to form a belief as to the allegations of Paragraphs 1 through 6 of the Complaint.

2.      Defendant denies the allegations of Paragraph 7 of the Complaint.

3.      Defendant lacks sufficient information to form a belief as to the allegations of Paragraphs 8 and 9 of the Complaint.

4.      Defendant denies the allegations of Paragraph 10 of the Complaint as stated.

5.      Defendant lacks sufficient information to form a belief as to the allegations of Paragraphs 11, 12, and 13 of the Complaint.

6.      Defendant denies the allegations of Paragraph 14 of the Complaint as stated.

7. The allegations of Paragraphs 15 and 16 of the Complaint draw legal conclusions and hence require no response.

8. Answering Paragraph 17 of the Complaint, Defendant reiterates its responses to the allegations of Paragraphs 1 through 16 above as if fully incorporated herein.

9. Defendant lacks sufficient information to form a belief as to the allegations of Paragraphs 18, 19, and 20 of the Complaint, denies the same and demands strict proof thereof.

10. Defendant denies the allegations of Paragraphs 21 and 22 of the Complaint.

11. Defendant denies the allegations of Paragraphs 23 and 24 of the Complaint as stated.

12. Defendant lacks sufficient information to form a belief as to the allegations of Paragraphs 25 and 26 of the Complaint.

13. Defendant denies the allegations of Paragraph 27 of the Complaint as stated.

14. Answering Paragraph 28 of the Complaint, Defendant denies the subject ePicker machine was dangerous or defective and therefore denies the allegations of Paragraph 28 of the Complaint as stated.

15. Answering Paragraph 29 of the Complaint, Defendant denies the subject ePicker machine was dangerous or defective and therefore denies the allegations of Paragraph 29 of the Complaint as stated

16. Answering Paragraph 30 of the Complaint, Defendant denies the subject ePicker machine was dangerous or defective and therefore denies the allegations of Paragraph 30 of the Complaint as stated.

17. The allegations of Paragraphs 31 and 32 draw legal conclusions and hence require no response. To the extent the allegations of Paragraphs 31 and 32 can be read to infer or imply any breach of duties by Defendant, they are denied.

18. Defendant denies the allegations of Paragraphs 33, 34, 35, 36, 37, and 38 of the Complaint.

19. Defendant denies the allegations of Paragraphs 39 and 40 of the Complaint as stated.

20. Defendant denies the allegations of Paragraphs 41, 42, 43, 44, and 45 of the Complaint.

21. Answering Paragraph 46 of the Complaint, Defendant reiterates its responses to the allegations of Paragraphs 1 through 45 above as if fully incorporated herein.

22. The allegations of Paragraphs 47 and 48 draw legal conclusions and hence require no response. To the extent the allegations of Paragraph 48 and 49 can be read to infer or imply any breach of duties by Defendant, they are denied.

23. Defendant lacks sufficient information to form a belief as to the allegations of Paragraphs 50 Complaint.

24. Defendant denies the allegations of Paragraphs 51, 52, 53, 54, and 55 of the Complaint.

25. Answering Paragraph 56 of the Complaint, Defendant reiterates its responses to the allegations of Paragraphs 1 through 55 above as if fully incorporated herein.

26. Defendant denies the allegations of Paragraphs 57, 58, 59, 60, and 61 of the Complaint.

27. Defendant denies the allegations of Paragraph 62 of the Complaint as stated.

28. Defendant denies the allegations of Paragraph 63 of the Complaint.

29. Defendant lacks sufficient information to form a belief as to the allegations of Paragraphs 64 Complaint, and demands strict proof thereof.

30. Defendant denies the allegations of Paragraphs 65 and 66 of the Complaint.

31. Answering Paragraph 67 of the Complaint, Defendant reiterates its responses to the allegations of Paragraphs 1 through 66 above as if fully incorporated herein.

32. The allegations of Paragraphs 68, 69, 70, 71, and 72 draw legal conclusions and hence require no response. To the extent the allegations of Paragraphs 68, 69, 70, 71, and 72 can be read to infer or imply any breach of duties by Defendant, they are denied.

33. Defendant lacks sufficient information to form a belief as to the allegations of Paragraphs 73 Complaint.

34. Defendant denies the allegations of Paragraphs 74 and 75 of the Complaint.

35. Answering Paragraphs 76 and 77 of the Complaint, Defendant denies the subject ePicker machine was dangerous or defective and therefore denies the allegations of Paragraphs 76 and 77 of the Complaint as stated.

36. Defendant lacks sufficient information to form a belief as to the allegations of Paragraphs 78 Complaint, denies the same and demands strict proof thereof.

37. Defendant denies the allegations of Paragraphs 79 and 80 of the Complaint.

38. Defendant lacks sufficient information to form a belief as to the allegations of Paragraphs 81 Complaint, and demands strict proof thereof.

39. Defendant denies the allegations of Paragraphs 82, 83, 84, 85, and 86 of the Complaint.

40. Answering Paragraph 87 of the Complaint, Defendant reiterates its responses to the allegations of Paragraphs 1 through 86 above as if fully incorporated herein.

41. The allegations of Paragraph 88 draw legal conclusions and hence require no response. To the extent the allegations of Paragraphs 88 can be read to infer or imply any breach of warranties by Defendant, they are denied.

42. Defendant denies the allegations of Paragraphs 89 and 90 of the Complaint.

43. Answering Paragraph 91 of the Complaint, Defendant reiterates its responses to the allegations of Paragraphs 1 through 90 above as if fully incorporated herein.

44. The allegations of Paragraph 92 draw legal conclusions and hence require no response. To the extent the allegations of Paragraphs 92 can be read to infer or imply any breach of warranties by Defendant, they are denied.

45. Defendant lacks sufficient information to form a belief as to the allegations of Paragraphs 93 and 94 Complaint, and demands strict proof thereof.

46. Defendant denies the allegations of Paragraphs 95 and 96 of the Complaint.

47. Answering Paragraph 97 of the Complaint, Defendant reiterates its responses to the allegations of Paragraphs 1 through 96 above as if fully incorporated herein.

48. The allegations of Paragraphs 98 and 99 draw legal conclusions and hence require no response.

49. Defendant denies the allegations of Paragraphs 100, 101, 102, 103, 104, 105 and 106 of the Complaint.

50. Answering Paragraph 106 of the Complaint, Defendant reiterates its responses to the allegations of Paragraphs 1 through 106 above as if fully incorporated herein.

51. Defendant denies the allegations of Paragraphs 107 and 108 of the Complaint.

52. Defendant denies the allegations of the WHEREFORE paragraph of the Complaint.

## AS A SECOND DEFENSE

53. The Complaint fails to state facts sufficient to constitute a cause of action as to Defendant.

## AS A THIRD DEFENSE

54. To the extent that Plaintiff failed to exercise ordinary care on his own behalf for his own safety, that negligence caused the injury and damage, if any, that he sustained. Consequently, Plaintiff's recovery should be diminished by his contributory negligence and assumption of risk, to the extent of Plaintiff's proportional share of fault.

## AS A FOURTH DEFENSE

55. Defendant is informed and believes that Plaintiff failed to mitigate any damage that he may have sustained and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Plaintiff has failed to use reasonable diligence in caring for any injury, failed to use reasonable means to prevent any aggravation of any injury and failed to take reasonable precautions to reduce any injury and damage, so as to bar or limit any recovery against Defendant.

## AS A FIFTH DEFENSE

56. Defendant denies that Plaintiff suffered injuries or incurred any damages for which it is liable. If Plaintiff did suffer any injuries or incur any damages, any injuries or damages were caused, in whole or in part, by the negligent or willful acts or omissions of persons or entities other than Defendant or superseding or intervening causes over which Defendant had no control. If there is any negligence or liability by any Defendant, it is the sole and exclusive negligence and liability of others and not Defendant. If Defendant were to be held responsible, it should be indemnified.

## AS A SIXTH DEFENSE

57. The product(s) which is the subject of this action was modified/altered since it left Defendant's possession.

## AS A SEVENTH DEFENSE

58. If any other parties are negligent, legally responsible or otherwise at fault for the damages alleged in the Complaint, and if there is a finding of any liability in favor of Plaintiff or settlement or judgment against Defendant, Defendant requests that the court or jury make an apportionment of fault among all parties. Defendant further requests a judgment and declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault under all applicable laws.

## AS AN EIGHTH DEFENSE

59. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has brought an action(s) and has received a judgment(s) on parts of some or all of the claims asserted herein.

## AS A NINTH DEFENSE

60. The product(s) which is the subject of this action complied with industry customs and standards.

## AS A TENTH DEFENSE

61. Recovery of punitive damages is not allowed by law for Plaintiff's strict liability claims and this claim should be stricken from the Complaint.

## AS AN ELEVENTH DEFENSE

62. Upon information and belief, Plaintiff was or should have been aware of, and was informed about the nature of the product at issue and the risks associated therewith, and any injuries, damages or losses that Plaintiff sustained arose from and were caused by risks of which Plaintiff was or should have been aware and which were voluntarily encountered. Plaintiff accepted and assumed all such risks.

## AS A TWELFTH DEFENSE

63. Plaintiff's damages, if any, were caused by an open and obvious condition, thus barring recovery against Defendant.

**AS A THIRTEENTH DEFENSE**

64. Plaintiff had the last clear chance to avoid injury from the product, and failing to do so, is barred from recovery against Defendant.

**AS A FOURTEENTH DEFENSE**

65. Plaintiff's damages, if any, were caused by an intervening or superseding cause.

**AS A FIFTEENNTH DEFENSE**

66. Defendant at all relevant times maintained proper standards of care required under the circumstances and reasonably apparent to it.

**AS A SIXTEENTH DEFENSE**

67. To the extent that Plaintiff has failed to preserve evidence and as a result of such spoliation Defendant has been prejudiced, Plaintiff's claims should be barred.

**AS A SEVENTEENTH DEFENSE**

68. To the extent that after the product left the possession and control of this Defendant, the product was misused or subjected to treatment that substantially changed its character without this Defendant's knowledge, this Defendant cannot be held liable for any alleged defect and damage that resulted.

**AS AN EIGHTEENTH DEFENSE**

69. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any cognizable or compensable injuries or damages as a result of the actions or inactions of Defendant.

**AS A NINETEENTH DEFENSE**

70. Plaintiff's claims may be barred in whole or in part by the doctrines of accord and satisfaction, good faith, res judicata, payment and release, waiver, collateral estoppel, judicial estoppel, equitable estoppel, laches, and/or statutory and regulatory compliance.

**AS A TWENTIETH DEFENSE**

71. To the extent that the alleged injuries of Plaintiff were the direct and proximate result of an idiosyncratic reaction that was not reasonably foreseeable; and/or was not the result of any conduct or negligence on the part of Defendant; and/or was not the result of any defect in any product sold by Defendant, Defendant cannot be held liable to Plaintiff as a matter of law.

**AS A TWENTY-FIRST DEFENSE**

72. Defendant has complied with all applicable state and federal laws relating to the sale and/or distribution of product at issue in this action.

**AS A TWENTY-SECOND DEFENSE**

73. To the extent that Plaintiff alleges a failure to warn by Defendant, Plaintiff's claims are barred because there is no evidence that Plaintiff would have heeded a different warning.

**AS A TWENTY-THIRD DEFENSE**

74. Plaintiff's claims are barred, in whole or in part, because Defendant provided adequate warnings with respect to any hazards associated with the product.

**AS A TWENTY-FOURTH DEFENSE**

75. To the extent that the product was not used in the manner in which it was intended to be used, and used in a manner that was abnormal and not reasonably foreseeable by Defendant, such misuse of the product proximately caused or contributed to the alleged damages, injuries and losses, if any, of Plaintiff.

**AS A TWENTY-FIFTH DEFENSE**

76. To the extent that the alleged injuries or illnesses of Plaintiff preexisted or were suffered after the alleged use of the product, such alleged injuries or illnesses were neither caused nor exacerbated by said alleged use.

## AS A TWENTY-SIXTH DEFENSE

77. Defendant denies that any product sold by it caused or contributed to the alleged injuries of Plaintiff, and Defendant further denies that it is liable to Plaintiff for the claims alleged or for any other claim whatsoever.

## AS A TWENTY-SEVENTH DEFENSE

78. Plaintiff's claims against Defendant are barred because the utility of the subject product outweighed its risk.

## AS A TWENTY-EIGHTH DEFENSE

79. Plaintiff's claims against Defendant are barred, in whole or in part, because Defendant's product as formulated, packaged and marketed met the state of the art in the industry.

## AS A TWENTY-NINTH DEFENSE

80. Plaintiff's claims fail, in whole or in part, because the relief Plaintiff requests would violate the excessive fines and the cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution and the Constitution of the State of South Carolina.

## AS A THIRTIETH DEFENSE

81. Punitive damages are not recoverable herein by Plaintiff as there has been no showing of record evidence supporting such a claim as required under South Carolina law, and/or the law of the place where the incident at issue took place.  There is not clear and convincing evidence that Defendant was guilty of willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to consequences and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum whatsoever.

**AS A THIRTY-FIRST DEFENSE**

82. With respect to Plaintiff's demands for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of such damage awards set forth in *BMW of North America v. Gore* 517 U.S. 559 (1996) and *State Farm Mut. Auto. Ins. Co. v. Campbell* 538 U.S. 408 (2003).

**AS A THIRTY-SECOND DEFENSE**

83. While continuing to deny any and all liability, Defendant states that if the Court determines that Plaintiff is entitled to assert a claim for punitive damages, such claim cannot be permitted to go forward until the trier of fact determines that punitive damages should be considered, and, ultimately, all issues regarding punitive damages should be bifurcated at trial. Any award for punitive or exemplary damage absent bifurcating trial as to issues of compensatory and exemplary damages would be in violation of Defendant's rights to due process under the United States Constitution and the correlative provisions of applicable state law.

**AS A THIRTY-THIRD DEFENSE**

84. Defendant intends to rely upon any additional affirmative defenses under state or federal law that become available during the course of investigation and/or discovery, and Defendant specifically reserves its right to amend this Answer to assert those defenses.

**PRAYER FOR RELIEF**

WHEREFORE, having answered Plaintiff's Complaint, Defendant respectfully requests that this Court:

1. Dismiss Plaintiff's Complaint in its entirety with prejudice with no recovery by Plaintiff from Defendant;

2. Enter judgment in favor of Defendant and against Plaintiff;

3.      Award Defendant its costs and attorneys' fees as permitted by law; and,

4.      Award such other and further relief as this Court deems just and proper.

**HAYNSWORTH SINKLER BOYD, P.A.**

s/ Roopal S. Ruparelia
Roopal S. Ruparelia (Federal Bar # 7685)
Diana L. Murray (Federal Bar # 14091)
1201 Main Street, 22nd Floor
Post Office Box 11889 (29211-1889)
Columbia, South Carolina 29201
(803) 540-7846 Tel
(803) 765.1243 Fax
rruparelia@hsblawfirm.com

January 6, 2026
Columbia, South Carolina

*Attorneys for Defendant Big Lift, LLC*