IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| KENNETH PARADISO, | ) | Civil Action No. 5:25-cv-14034-MGL |
| Plaintiff, | ) | |
| vs. | ) | |
| EPICKER, LLC, ATLANTA FORK LIFTS, INC., ADVANCED MATERIAL HANDLING, LLC, ADVANCED MATERIAL HANDLING SYSTEMS, E-P EQUIPMENT CO., LTD. A/K/A EP EQUIPMENT CO., LTD., E-P EQUIPMENT, USA CORP. A/K/A EP EQUIPMENT, USA CORP., TOYOTA FORKLIFTS OF ATLANTA, LLC, TOYOTA MATERIAL HANDLING, INC., AND BIG LIFT, LLC, | ) | **DEFENDANT TOYOTA MATERIAL HANDLING, INC.'S ANSWERS TO LOCAL CIVIL RULE 26.01 INTERROGATORIES** |
| Defendants. | ) | |

Defendant Toyota Material Handling, Inc., by and through its undersigned attorneys, hereby responds to Local Civil Rule 26.01 (D.S.C.) Interrogatories as follows.

**A.     State the full name, address, and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.**

RESPONSE:  Defendant states that at this time, it does not possess information responsive to this interrogatory.  However, based upon the allegations of the Plaintiff's Complaint, Defendant surmises that the Plaintiff received workers compensation benefits, and, if so, the Plaintiff's employer and workers' compensation carrier will have a statutory lien.  The Defendant is not aware of other subrogation rights or interests in this case at this time.

**B.     As to each claim, state whether it should be tried jury or non-jury and why.**

RESPONSE:   The Plaintiff's Complaint alleges causes of action regarding product liability, strict liability, negligence/gross negligence, breach of implied warranty, breach of implied warranty for particular purpose, and violation of the South Carolina Unfair Trade Practices Act.  The Plaintiff also seeks punitive damages and demands a jury trial.  The Defendant agrees that the causes of action should be tried by jury.

**C.     State whether the party submitted these responses is a publicly owned company and separately identify: (1) any parent corporation and any publicly-held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly-owned company of which it is a parent and (3) each publicly owned company in which the party owns ten percent (10%) or more of the outstanding shares.**

RESPONSE:   Toyota Material Handling, Inc. is not a publicly owned company.  Toyota Material Handling, Inc.'s parent company is Toyota Industries North America, Inc., which is not a publicly owned company.  Toyota Material Handling, Inc. is not a parent of and does not own ten percent (10%) or more of the outstanding share of any publicly owned company.

**D.     State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).  *See* Local Civil Rule 3.01.**

RESPONSE:   The Notice of Removal was filed in the Orangeburg Division on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1441(b), 1332, and 1446.  Because the state court action from which this case arose was originally filed in Bamberg County, South Carolina, which is embraced by the Orangeburg Division, United States District Court, District of South Carolina, this division is appropriate.

**E.  Is this action related in whole or in part to any other matter filed in this District, whether civil or criminal?  If so, provide: (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action.  Counsel should disclose any cases which may be related regardless of whether they are still pending.  Whether cases are related such that they should be assigned to a single judge will be determined by the Clerk of Court based on a determination of whether the cases:  arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.**

RESPONSE:   The Defendant has no knowledge or information that this matter is related in whole or in part to any other matter filed in this District.

**F.  If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.**

RESPONSE:  Defendant Toyota Material Handling, Inc. is properly identified.  However, the Defendant asserts that it is not a proper party to this action because it had no involvement or connection with the design, manufacture, sale, distribution, service, maintenance, and/or operation of the Epicker lift which is the subject of this action.

**G.  If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of said liability.**

RESPONSE: At this time, the Defendant does not have knowledge or information if another entity owes the Defendant any defense or indemnity and reserves the right to assert the same. The Defendant also currently does not have knowledge or information if the Plaintiff's injuries were caused by another person or entity and reserves the right to assert the same should discovery reveal such claims. This action has only recently been filed and the Defendant reserves the right to supplement this response as discovery in this case progresses.

**H.  Parties or Intervenors in a Diversity Case. In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party or intervenor. This response must be supplemented when any later event occurs that could affect the court's jurisdiction under § 1332(a).**

RESPONSE: Defendant Toyota Material Handling, Inc. is a corporation incorporated in the State of California with its principal place of business in the State of Indiana.

 s/Matthew G. Gerrald  
Richard C. Thomas, Fed. ID No. 4068  
Matthew G. Gerrald, Fed. ID No. 10055  
Barnes, Alford, Stork & Johnson, LLP  
1613 Main Street (29201)  
Post Office Box 8448  
Columbia, SC 29202-8448  
(803)799-1111  
richard@basjlaw.com  
matt@basjlaw.com  
Attorneys for Defendant Toyota Material Handling, Inc.

January 6, 2026