IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Kenneth Paradiso,<br>　　　　　　Plaintiff,<br><br>vs.<br><br>Epicker, LLC, Atlanta Fork Lifts, Inc. Advanced Material Handling, LLC, Advanced Material Handling Systems, E-P Equipment Co., Ltd. a/k/a EP Equipment Co., Ltd., E-P Equipment, USA Corpo a/k/a EP Equipment, USA Corp., Toyota Forklifts of Atlanta, LLC, Toyota Material Handling Inc., and Big Lift, LLC,<br>　　　　　　Defendants. | Civil Action No.: 5:25-cv-14034-MGL<br><br>**NOTICE OF PLAINTIFF'S MOTION &<br>PLAINTIFF'S MOTION<br>FOR EXTENSION OF TIME TO SERVE<br>DEFENDANT EPICKER, LLC, WITH<br>SUMMONS AND COMPLAINT AND<br>MEMORANDUM OF LAW IN SUPPORT** |

NOW COMES Plaintiff, by the undersigned counsel, and hereby moves for an Order of the Court granting Plaintiff's motion for an extension of time to serve the Defendants in the above-referenced case with the Summons and Complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and applicable law and hereby gives Notice of this Motion to Defendants. Plaintiff's motion should be granted based upon good cause and/or at the Court's discretion pursuant to Rule 4(m), FRCP.

**Relief Requested**

Plaintiff requests an extension of time to complete service on Defendant Epicker, LLC, of the Summons and Complaint to a new deadline of the 31st day after the Court's Order granting this Motion. In the alternative, if the Court finds the deadline has already passed without proper service on Defendant Epicker, LLC, then Plaintiff requests a *nunc pro tunc* extension of time to complete service on Defendant Epicker, LLC, to a new deadline of the 31st day after the Court's Order granting this Motion.

1

Plaintiff will immediately make additional attempts to serve Epicker, LLC, with the Summons and Complaint which may occur prior to the Court's ruling on this motion. Accordingly, Plaintiff further respectfully requests that if Plaintiff has accomplished service of process on Epicker, LLC, pursuant to the applicable law and/or Rules of Civil Procedure prior to the Court's Order granting this motion, then such service will be deemed timely by the Court and within the period allowed by Rule 4(m), FRCP, as extended by the Court's Order.

**Relevant Procedural and Factual Background**

Plaintiff filed the Summons and Complaint against Defendants in the Horry County Court of Common Pleas which is a South Carolina State Court on October 21, 2025, which was assigned Case No. #2025CP0500200. Plaintiff's counsel served the Summons and Complaint on Defendant Advanced Material Handling, LLC, on or about December 6, 2025. Defendants Atlanta Fork Lifts, Inc. Advanced Material Handling, LLC, Advanced Material Handling Systems, and Toyota Forklifts of Atlanta, LLC, all of which have the same defense attorney, filed a Notice of Removal on December 30, 2025. Defense attorney Keely M. McCoy allegedly served a copy of the Notice of Removal on Plaintiff's counsel on January 2, 2026, via email only which is insufficient service pursuant to Rule 5(b), FRCP, because Plaintiff's counsel never consented to service by electronic means as required by Rule 5(b), FRCP.

**On January 31, 2025, the Honorable Mary Geiger Lewis, entered the following Order:**

**"TEXT ORDER: This matter was removed from state court on December 30, 2025. Plaintiff's counsel is not admitted to practice in this Court. Therefore, the Court stays this action until January 27, 2026, to allow Plaintiff time to obtain counsel admitted to the bar of this Court or to inform the Court he will be proceeding pro se. The Court will construe Plaintiff's failure to do so as his wish to proceed pro se. Defendants' counsel shall serve a copy of this order on Plaintiff's present counsel forthwith and file confirmation of such service not later than January 7, 2026. Plaintiff's counsel shall, in turn, provide a copy of this Order to Plaintiff immediately upon receipt. IT IS SO ORDERED. (Certificate of Service due by 1/7/2026, Notice of Appearance due by 1/27/2026) Signed by Honorable Mary Geiger Lewis on 12/31/2025".**

Accordingly, this case in Federal Court was stayed until January 27, 2026, making the end of the 90 day period to serve the summons and complaint pursuant to Rule 4(m), FRCP, on or about February 15, 2026; therefore, service on Epicker, LLC, on February 11, 2026, was within the deadline. The Court's text order copied above required Plaintiff's counsel to file a notice of appearance in Federal Court by January 27, 2026. The undersigned counsel for Plaintiff timely filed a notice of appearance for Plaintiff in Federal Court on January 26, 2026, and first began receiving e-filing notifications from the Federal Court's ECF e-filing system on January 26, 2026.

**Plaintiff has made good faith efforts.**

Plaintiff has exercised diligence and made good faith efforts to serve Defendant Epicker, LLC, since the commencement of this action. Plaintiff's counsel believes that service of the summons and complaint on Epicker, LLC, was achieved on February 11, 2026, through the South Carolina Secretary of State's office pursuant to S.C. Code Ann. Section 15-9-245; however, out of an abundance of caution Plaintiff files this motion for an extension in case the Court finds that the service on Epicker, LLC, on February 11, 2026, was ineffective for any reason.

Plaintiff's counsel filed this lawsuit in October of 2025, so there would be ample time to serve the lawsuit prior to the expiration of the statute of limitations on or about March 22, 2026. As of today, the statute of limitations has not yet expired. It would be a miscarriage of justice to deny Plaintiff an extension to serve Defendant Epicker, LLC, for several reasons. For example, if Plaintiff's counsel had delayed and filed the lawsuit on March 21, 2026, the day before the expiration of the statute of limitations, then Plaintiff would have until on or about June 21, 2026, to perfect service on Defendants.

If it is determined that service has not been completed within the time prescribed by Rule 4(m), FRCP, then the reason for the same would be due to the following reasons: (1) difficulty

locating a valid address for Defendant Epicker, LLC; (2) communications with attorneys for Defendant leading Plaintiff's counsel to believe they would likely be able to accept service for Epicker, LLC; (3) misleading communications with counsel for Defendant that Epicker, LLC, is not a valid business entity and no longer exists when in fact it is not dissolved and is an actively registered business in Delaware; and (4) delays associated with service through the Secretary of State. Plaintiff's counsel is uncertain as to whether this misleading information was given by Epicker, LLC, to its defense counsel which may be the case.

On December 16, 2025, Attorney Becky Laffitte and the law firm of Robinson Gray notified Plaintiff's counsel's office that they were representing Defendant Epicker, LLC, in this case; in response, Plaintiff's counsel's office promptly asked on December 17, 2025, if the attorney for Epicker, LLC, would agree to accept service of the lawsuit on behalf of Epicker, LLC. *See* Exhibit 1. On December 17, 2025, counsel's office for Defendant Epicker, LLC told Plaintiff's counsel that the attorney for Epicker, LLC, would check with their client to see if they can accept service for Epicker, LC, and would let Plaintiff's counsel's office know as soon as they find out. On December 19, 2025, Plaintiff's counsel followed up by sending another email to defense counsel to see if they would agree to accept service on Epicker, LLC, and the office of defense counsel responded that Attorney Becky Laffitte had been tied up all week in mediations and they would get back to the office of Plaintiff's counsel as soon as they have an answer. *See* Exhibit 1.

On December 22, 2025, Plaintiff's counsel followed up by sending another email to defense counsel to see if they would be able to accept service on Epicker, LLC; on December 23, 2025, Attorney Becky Laffitte responded that she and Attorney Cordes Kennedy will be representing Epicker LLC, that they were unable to speak to the insured about our request but intended to do so and would respond to Plaintiff's counsel as soon as possible. *See* Exhibit 1.

On January 26, 2026, the office of Plaintiff's counsel emailed Epicker, LLC's attorney again (Attorney Becky Laffite) and asked if they would sign a Waiver of Service if her client had not yet been served properly; Plaintiff's counsel did not receive any response to this email from Attorney Laffitte. See Exhibit 2. In the meantime, Plaintiff's counsel continued service attempts on Defendant Epicker, LLC, and believed they had achieved proper service on February 11, 2026.

Plaintiff's counsel emailed counsel for Defendant Epicker, LLC, on February 26, 2026, to notify them that Plaintiff's counsel believes we achieved service on Defendant Epicker, LLC, on February 11, 2026. Plaintiff's counsel and Attorney Cordes Kennedy attempted to reach eachother by phone a few times after February 11, 2026, but were unsuccessful. Plaintiff's counsel called Attorney Cordes Kennedy regarding his client Epicker, LLC, on February 27, 2026, but was unable to reach him. Counsel for Epicker, LLC, informed Plaintiff's counsel that they were unable to contact and communicate with their client Epicker, LLC, that Epicker, LLC no longer existed, and that it had been sold and acquired by Big Lift, LLC. Plaintiff's counsel was not informed until March 2, 2026, that counsel for Epicker, LLC, would not be able to accept service for Epicker, LLC, and that there may be a service issue. See Exhibit 3.

On March 4, 2026, counsel for Epicker, LLC, emailed Plaintiff's counsel that the deadline to respond by filing an Answer or Motion to Dismiss based on the service date of February 11, 2026, would be March 4, 2026, and asked for a 3 week extension "to respond to the Complaint served on 2/11 through the Secretary of State". See Exhibit 4. Plaintiff's counsel replied that Plaintiff's counsel would agree to give a 3 week extension for Epicker LLC to respond to the Summons and Complaint served on 2/11 through the SC secretary of state if counsel for Epicker LLC would agree on behalf of Epicker LLC to consent to Plaintiff's motion for an extension of

time to serve Epicker LLC by 4/10/2026 and not to assert any service defenses so long as Plaintiff achieved service on Epicker LLC by 4/10/2026.  See Exhibit 4.

Moreover, Epicker, LLC, certainly had adequate notice of this pending lawsuit as counsel for Defendant Epicker, LLC, has been actively involved in this case and included on scheduling emails since December of 2025.  Counsel for Defendant Epicker, LLC, was included on the email correspondence regarding the amended scheduling order and joint Rule 26(f) report in this case.

Accordingly, Plaintiff has good cause for an extension of time to be granted to perfect service on Defendant Epicker, LLC.  In the alternative, the circumstances warrant a discretionary extension of time from the Court. An extension will permit this case to be resolved on its merits, will not prejudice Defendant, and is consistent with the standards established by the Fourth Circuit.

**Argument**

Federal Rule of Civil Procedure 4(m) provides that a defendant must be served within ninety days after the complaint is filed, and if service is not made within that period, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice ... or order that service be made within a specified time." It further directs that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

The "good cause" clause makes an extension mandatory once the plaintiff demonstrates good cause for the failure to serve within ninety days. Separately, both the Supreme Court and courts in this circuit recognize that Rule 4(m) also authorizes discretionary extensions even where good cause is not shown. In *Henderson v. United States*, 517 U.S. 654 (1996), the Court noted that after the 1993 amendments, "courts have been accorded discretion to enlarge the [Rule 4(m)] period even if there is no good cause shown," as summarized and applied in *Kelly v. Heritage Services Corp.*, C.A. No. 5:20-4138-JMC-SVH (D.S.C. Mar. 10, 2021). The Fourth Circuit has

likewise held that district courts have discretion to extend the time to effect service even absent good cause.

In removed actions where service was not perfected in state court, 28 U.S.C. § 1448 provides that "such process or service may be completed, or new process issued in the same manner as in cases originally filed" in federal court. *See* 28 U.S.C. § 1448.

"[G]ood cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person…the defendant has evaded service of process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis." U.S. v. Rodriguez, 645 F. Supp. 2d 1310 (Ct. Int'l Trade 2009).

**I. Plaintiff Has Established Good Cause for a Mandatory Extension of Time.**

Plaintiff has demonstrated good cause for an extension of the service deadline under Federal Rule of Civil Procedure 4(m). Good cause exists where the plaintiff has exercised diligence in attempting to effect service. *See McGraw v. Gore*, 31 F.4th 844, 854 (4th Cir. 2022). As detailed in the Factual Background above, Plaintiff acted diligently and reasonably by promptly conducting investigations to locate Defendant Epicker, LLC, by promptly sending the Summons and Complaint to the South Carolina Secretary of State for service on Defendant Epicker, LLC, and in communicating with defense counsel for Epicker, LLC, in Plaintiff's attempts to arrange acceptance and/or waiver of service by Epicker, LLC. The delay in service is not attributable to Plaintiff's inaction but rather due to the following: (1) improper notice to Plaintiff of removal of the case to Federal Court; (2) difficulty in locating and confirming a valid address of Epicker, LLC, despite diligent efforts; (3) communications with defense counsel for Epicker, LLC, which led Plaintiff's counsel to mistakenly believe service would be accepted for Epicker, LLC, and/or there

was no service issue; and (4) no notice of any claim of improper service by Defendant Epicker, LLC, until March 4, 2026. Moreover, counsel for Defendant Epicker, LLC, informed Plaintiff's counsel that they have been unable to reach their own client and believe that Epicker, LLC, no longer exists as a business which further demonstrates the difficulty in Plaintiff's counsel being able to locate Epicker, LLC, for service when their own attorney cannot even locate them. These efforts by Plaintiff's counsel mirror the diligence expected of a party seeking to advance its case.

Where a plaintiff has no control over the cause of the delay, good cause exists, requiring an extension under Rule 4(m). *Robinson v. Clipse*, 602 F.3d 605, 608–09 (4th Cir. 2010)(finding delay by the Marshals Service constitutes good cause). Because Plaintiff's diligent efforts were frustrated by circumstances beyond Plaintiff's control, good cause has been shown, and the Court should grant a mandatory extension of time for service.

**II. In the Alternative, the Court Should Grant a Discretionary Extension.**

Even if the Court finds that good cause has not been established, it retains the discretion to extend the time for service. *See Romero v. Facebook Meta*, C. A. 7:23-cv-03306-TMC-KFM (D.S.C. Jan. 8, 2024); *Kelly v. Heritage Servs. Corp.*, C.A. No. 5:20-4138-JMC-SVH, 2020 WL 2192781, at *2 (D.S.C. May 6, 2020). An extension is particularly appropriate here for several reasons. "[E]ven without a showing of good cause, the district court may 'order that service be made within a specified time' rather than dismissing the action and that the choice between the two is left to the district court's discretion". *Gelin v. Shuman*, 35 F.4th 212 (4th Cir. 2022).

First, Defendants will suffer no material prejudice from a modest extension. The case remains in its earliest procedural stages, and no discovery on the merits has occurred. *See Robinson*, 602 F.3d at 609 (finding no prejudice where proceedings had not advanced). Granting an extension now would place Defendant in the same position it would have occupied had service

been perfected on an earlier date. Moreover, Defendant Epicker, LLC, has been aware of and on notice of Plaintiff's filed lawsuit since December 16, 2025. See Exhibit 1, emails.

Second, denying an extension could be outcome-determinative which would be unfairly detrimental to Plaintiff. The statute of limitations on Plaintiff's claims is set to expire on or about March 22, 2026; therefore, a dismissal without prejudice after the expiration of the statute of limitations could effectively bar Plaintiff from refiling the action and having the claims adjudicated on the merits. This factor weighs heavily in favor of exercising discretion to grant an extension.

Finally, unlike the circumstances in *Romero*, where the court declined to exercise its discretion due to the plaintiff's frivolous assertions, Plaintiff here has made good-faith, concrete efforts to serve Defendant and has valid grounds for seeking this extension. Given Plaintiff's diligence, the lack of prejudice to Defendants, and the severe consequences of dismissal, a discretionary extension of time is warranted.

**CONCLUSION**

Respectfully, the Court should grant Plaintiff's motion for an extension of time for the reasons stated herein above and those to be made upon any oral argument of Plaintiff's counsel at a hearing in this matter. Plaintiff respectfully requests that the Court enter an order extending the time for service of process upon Defendant Epicker, LLC, to a new deadline which will be the 31st day after the Court's Order granting this Motion. Plaintiff is going to immediately make additional attempts to serve Epicker, LLC, with the Summons and Complaint which may occur prior to the Court's ruling on this motion. Accordingly, Plaintiff further respectfully requests that if Plaintiff has accomplished service of process on Epicker, LLC, pursuant to the applicable law and/or Rules of Civil Procedure prior to the Court's Order granting this motion, then such service will be

deemed timely by the Court and within the period allowed by Rule 4(m), FRCP, as extended by the Court's Order.

                                                                                  **Respectfully submitted,**

 s/ P. Brooke Eaves Wright
P. Brooke Eaves Wright, Esquire, f/k/a Priscilla Brooke Eaves
Federal Bar No.: 12199
**WRIGHT INJURY LAW LLC**
4214 Mayfair St., Unit A
Myrtle Beach, South Carolina 29577
Telephone: (843) 380-8004
Facsimile: (843) 589-1329
Brooke@thewrightinjurylawyer.com
**ATTORNEY FOR PLAINTIFF**

March 5, 2026