IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| KENNETH PARADISO, | ) | Civil Action No.  5:25-CV-14034-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| EPICKER, LLC, ATLANTA FORK | ) | |
| LIFTS, INC., ADVANCED MATERIAL | ) | |
| HANDLING, LLC, ADVANCED | ) | |
| MATERIAL HANDLING SYSTEMS, E-P | ) | **DEFENDANT EPICKER, LLC'S** |
| EQUIPMENT CO., LTD. A/K/A EP | ) | **MOTION TO DISMISS THE** |
| EQUIPMENT CO., LTD, E-P | ) | **PLAINTIFF'S COMPLAINT** |
| EQUIPMENT, USA CORP. A/K/A EP | ) | |
| EQUIPMENT, USA CORP., TOYOTA | ) | |
| FORKLIFTS OF ATLANTA, LLC, | ) | |
| TOYOTA MATERIAL HANDLING, | ) | |
| INC., AND BIG LIFT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**TO:   P. BROOKE EAVES WRIGHT, ESQUIRE, COUNSEL FOR PLAINTIFF, AND TO THE PLAINTIFF ABOVE NAMED:**

Pursuant to Rule 12(b)(4), (5) of the Federal Rules of Civil Procedure, Defendant ePicker, LLC, by and through its undersigned counsel, hereby moves the Court for an Order dismissing the Plaintiff's Complaint against Defendant ePicker for insufficient process and service of process. As explained below, Plaintiff attempted to serve Defendant ePicker through the South Carolina Secretary of State on February 11, 2026, pursuant to S.C. Code Ann. § 33-44-1008(d).  However, because ePicker does not transact business in South Carolina, Plaintiff cannot affect service on ePicker, LLC, a foreign company, through the South Carolina Secretary of State.

## RELEVANT FACTS AND PROCEDURAL HISTORY

This lawsuit arises from a workplace injury involving an allegedly defective pallet jack machine (Model JX2-144). *See* Compl. ¶¶ 18–20, ECF No. 1-1. Plaintiff alleges that on March 22, 2023, he was operating the pallet jack at Pegasus Sports, LLC, in Denmark, South Carolina, when it malfunctioned, causing him injury. *Id*. Plaintiff broadly alleges that the pallet jack was manufactured by Defendant Epicker LLC, and/or three other defendants, including E-P Equipment Co., Ltd. a/k/a EP Equipment Co., Ltd.; E-P Equipment, USA Corp. a/k/a EP Equipment, USA Corp.; and Big Lift, LLC. *Id*. ¶ 24. Of these alleged manufacturing defendants, to date only Big Lift, LLC, has been served and appeared in the case.[1] From there, Plaintiff alleges that Defendants Advanced Material Handling, LLC, and/or Advanced Material Handling Systems purchased the pallet jack from the manufacturer, and that they were the "dealer" of the pallet jack to Plaintiff's employer, Pegasus Sports. *Id*. ¶¶ 25–26.

Plaintiff commenced this suit on October 21, 2025, in the Bamberg County Court of Common Pleas, alleging product liability claims for negligence, strict liability, and breach of warranty against all Defendants. Of the nine defendants named, only six have been served and appeared in the case: (1) Big Lift, LLC; (2) Advanced Material Handling Systems, Inc.; (3) Advanced Material Handling, LLC; (4) Atlanta Fork Lifts, Inc.; (5) Toyota Material Handling, Inc; and (6) Toyota Forklifts of Atlanta, LLC.

---

[1]      Big Lift concedes that it is "100% owned" by Defendant EP Equipment Co., Ltd., a foreign company with its principal place of business in China. *See* Big Lift's Ans. to Local Civ. Rule 26.01 Ints. ¶¶ C, H, ECF No. 9. Upon information and belief, Defendant EP Equipment has not been served. Second, the Notice of Removal states that Defendant E-P Equipment, USA Corp. was dissolved in 2019, years before this incident. *See* Notice of Removal, p. 4, ECF 1, 1-4. Upon information and belief, Defendant EP Equipment has not been served.

On December 30, 2025, these six Defendants filed a Notice of Removal based on diversity jurisdiction. *See* Notice of Removal, ECF No. 1.

On March 4, 2026, Plaintiff filed an Affidavit of Service with this Court purporting to have served Defendant ePicker, LLC, on February 11, 2026, through the Secretary of State pursuant to S.C. Code Ann. § 33-44-1008 and § 15-9-245. *See* Aff. of Serv., ECF No. 30-1.[2] Per these statutes, service on a foreign company can be made through the South Carolina Secretary of State if that company "transacts business" in the state without a certificate of authority. *See* § 33-44-1008 (d). Defendant ePicker, LLC, was a foreign limited liability company organized under the laws of the state of Delaware and maintained its principal place of business in Texas. Exh. A, Delaware SOS; *see also* Notice of Removal, p. 3, ECF No. 1 ("Defendant ePicker, LLC, is a Texas foreign limited liability company…."). However, when Plaintiff attempted to serve ePicker, LLC, through the Secretary of State, ePicker was a nonexistent entity. In fact, well before suit was ever filed, ePicker, LLC, was purchased by Defendant Big Lift and merged into Big Lift's operations.[3] Big Lift confirmed this fact in the Notice of Removal, wherein it stated (by consent) that: "Defendant ePicker, LLC, is…wholly owned by Defendant Big Lift, LLC." Notice of Removal ¶ 10, ECF No. 1.[4] Thus, ePicker, LLC — a nonexistent entity — cannot be "transacting business" in South Carolina for service to be affected on it through the Secretary of State. Nor are there any well-

---

[2]    Section 15-9-245 applies to corporations, whereas § 33-44-1008 applies to limited liability companies like ePicker, LLC. Therefore, even if service was proper through the Secretary of State, the pertinent statute would be § 33-44-1008, not § 15-9-245.

[3]    https://bigjoeforklifts.com/news/big-lift-llc-acquires-epicker-llc.

[4]    For the court's context, the undersigned was retained to represent ePicker, LLC, as an additional insured under a general liability insurance policy issued by Federated Mutual Insurance Company. Since then, counsel learned that ePicker, LLC, had merged with Big Lift, LLC. The undersigned tendered the defense of ePicker to Big Lift on February 6, 2026, requesting that Big Lift respond to the tender by February 20th. To date, however, Big Lift has neither confirmed nor denied whether it will accept the tender of ePicker.

pled facts or other evidence in the record to suggest that ePicker maintained a continuous presence in the state, even prior to its merger with Big Lift.

The undersigned first learned by email dated February 26, 2026, that Plaintiff had attempted to serve ePicker, LLC, through the South Carolina Secretary of State. Given the outstanding tender issue described above, Plaintiff agreed in writing to give ePicker, LLC, a one-day extension to file an Answer/Motion to Dismiss the Complaint. As a result, this Motion has been timely filed with the Court.

## STANDARD OF REVIEW

"Under Rule 12(b)(5), a defendant can move to dismiss a complaint where service of process failed to comply with the requirements of Rule 4 of the Federal Rules of Civil Procedure." *Simmons v. Stokes*, No. 8:11-cv-00175, 2011 WL 2198298 at *1 (D.S.C. 2011). "[A] failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998). "When a defendant files a motion to dismiss for insufficient service of process, the plaintiff bears the burden to establish service was proper under Federal Rule of Civil Procedure 4." *Stevens v. Welch*, Civil Action No. 3:22-00559-MGL, 2022 U.S. Dist. LEXIS 208698, at *3 (D.S.C. Nov. 16, 2022). "Rule 4 is 'there to be followed, and plain requirements for the means of effecting service of process may not be ignored.'" *Nowlin v. UPS*, Civil Action No. 4:24-cv-3983-JD-TER, 2025 U.S. Dist. LEXIS 133327, at *5 (D.S.C. June 3, 2025) (citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).

## ARGUMENT

The Court should dismiss the Complaint against ePicker, LLC, because Plaintiff has failed to properly affect service on it pursuant to Rule 4, FRCP. Per the Rule, service is accomplished

on a foreign company "by delivering a copy of the summons and the complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of the summons and complaint to the defendant." *Dixon v. Open Hands Nursing Agency, LLC*, Civil Action No. 4:17-CV-02132-RBH, 2018 U.S. Dist. LEXIS 194700, at *5-6 (D.S.C. Nov. 14, 2018) (citing Rule 4(h)(1)(B), FRCP).  Here, there is no dispute that Plaintiff failed to serve an officer, managing or general agent, or any other agent authorized by appointment or by law (i.e., a registered agent) of ePicker, LLC.  Rather, Plaintiff has attempted to effect service through a state statute, S.C. Code Ann. § 33-44-1008, which provides: "If a foreign limited liability company *transacts business* in this State without a certificate of authority, it appoints the Secretary of State as its agent for service of process for claims for relief arising out of the transaction of business in this State." (emphasis added).  Critically, however, ePicker was not transacting business at the time of service, or even when suit was filed, because it was nonexistent having been merged with Big Lift.  Thus, Plaintiff cannot serve ePicker through the South Carolina Secretary of State.

Section 33-44-1008 is a domestication statute,[5] and the "transacting business" requirement is more demanding than the test for establishing personal jurisdiction.  *Id*. at *17 ("The test for determining whether a foreign limited liability company is transacting business for purposes of a certification statute **is stricter** than the test for determining whether such an entity is subject to the jurisdiction of a South Carolina court.") (emphasis added); *Carolina Components Corp. v. Brown*

---

[5]    "A domestication statute is similar in nature to a certification statute in that it calls for the licensing and registration of foreign corporations doing business in South Carolina." *HOB Entm't, Inc. v. SilkHOB, LLC*, Civil Action No. 4:08-cv-02783-TLW-SVH, 2011 U.S. Dist. LEXIS 9252, at *18 (D.S.C. Jan. 28, 2011).

*Wholesale Co.*, 272 S.C. 220, 222, 250 S.E.2d 332, 333 (1978) ("[I]t should be noted that while a foreign corporation may be doing business within a state sufficient to subject it to jurisdiction, such a determination is not conclusive that a corporation is doing business within the state to the extent of requiring compliance with our domestication statute."). To satisfy the test, Plaintiff must show that ePicker's business activity in the state was "***more or less continuous***." *State v. Ford Motor Co.*, 208 S.C. 379, 393, 38 S.E.2d 242, 248 (1946) (emphasis added) (internal citations omitted). Per the Supreme Court: "The fact, alone, that products manufactured by the defendant and bearing its trade name passed through the channels of trade into South Carolina and were here resold by independent merchants, did not constitute the transaction of business by the defendant in this State." *Phillips v. Knapp-Monarch Co.*, 245 S.C. 383, 384, 140 S.E.2d 786, 787 (1965) (holding, "the statute invoked by the plaintiff did not authorize the service which was attempted and the action was properly dismissed.").

The current case falls squarely within the above-cited precedent. Even if the Court were to accept Plaintiff's allegations as true, Defendant ePicker, LLC, only manufactured the subject pallet jack. *See* Compl. ¶ 24, ECF No. 1-1. Excluding legal conclusions, there are no well-pled facts to support a claim that ePicker maintained a continuous presence in South Carolina, or that it even brought the subject machine into the state. In fact, Defendant Atlanta Fork Lifts, Inc. d/b/a Advanced Material Handling Systems — also a foreign entity — admits that *it* purchased the pallet jack and "sold and delivered the subject machine to Pegasus Sports," Plaintiff's employer. *See* Answer ¶¶ 25, 27, ECF No. 10. As set forth in *Phillips*, even if the subject machine was manufactured by ePicker, the fact that it passed through independent merchants and into South Carolina does not make ePicker subject to service through the South Carolina Secretary of State. Plaintiff bears the burden of proof to establish that service was proper under Rule 4, *Stevens v.*

*Welch*, Civil Action No. 3:22-00559-MGL, 2022 U.S. Dist. LEXIS 208698, at *3 (D.S.C. Nov. 16, 2022), and here, Plaintiff has not shown, much less alleged, that ePicker maintained continuous business contacts in this state to subject it to service per the domestication statute. § 33-44-1008(d).

## **CONCLUSION**

For these reasons, Plaintiff's Complaint should be dismissed as to ePicker, LLC, for lack of proper service.

Respectfully submitted,

ROBINSON GRAY STEPP & LAFFITTE, L.L.C.

By: S / Cordes B. Kennedy
Rebecca Laffitte (Fed I.D. No. 1036)
rlaffitte@robinsongray.com
J. Michael Montgomery (Fed I.D. No. 10290)
mmontgomery@robinsongray.com
Cordes B. Kennedy (Fed I.D. No. 12987)
ckennedy@robinsongray.com
Haley S. Moorman (Fed I.D. No. 13349)
hmoorman@robinsongray.com
2151 Pickens Street, Suite 500
Post Office Box 11449
Columbia, South Carolina 29211
(803) 929-1400
Attorneys for Defendant ePicker, LLC

Columbia, South Carolina

March 5, 2026