EXHIBIT B

ELECTRONICALLY FILED - 2025 Oct 21 4:44 PM - BAMBERG - COMMON PLEAS - CASE#2025CP050200

STATE OF SOUTH CAROLINA

COUNTY OF BAMBERG

Kenneth Paradiso,

                       Plaintiff,

vs.

Epicker LLC, Atlanta Fork Lifts, Inc.,
Advanced Material Handling, LLC,
Advanced Material Handling Systems, E-P
Equipment Co., Ltd. a/k/a EP Equipment
Co., Ltd., E-P Equipment, USA Corp. a/k/a
EP Equipment, USA Corp., Toyota Forklifts
of Atlanta, LLC, Toyota Material Handling,
Inc., and Big Lift, LLC,

                       Defendants.

IN THE COURT OF COMMON PLEAS
SECOND JUDICIAL CIRCUIT

Docket No.: 2025-CP-05-

**SUMMONS**

TO THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

s/ P. Brooke Eaves Wright
P. Brooke Eaves Wright, Esquire
SC Bar No.: 102021
**WRIGHT INJURY LAW LLC**
4214 Mayfair St., Unit A
Myrtle Beach, South Carolina 29577
Telephone: (843) 380-8004
Facsimile: (843) 589-1329
Brooke@thewrightinjurylawyer.com
**ATTORNEY FOR PLAINTIFF**

Myrtle Beach, South Carolina
October 21, 2025

ELECTRONICALLY FILED - 2025 Oct 21 4:44 PM - BAMBERG - COMMON PLEAS - CASE#2025CP0500200

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF BAMBERG<br><br>Kenneth Paradiso,<br>                              Plaintiff,<br>vs.<br><br>Epicker LLC, Atlanta Fork Lifts, Inc., Advanced Material Handling, LLC, Advanced Material Handling Systems, E-P Equipment Co., Ltd. a/k/a EP Equipment Co., Ltd., E-P Equipment, USA Corp. a/k/a EP Equipment, USA Corp., Toyota Forklifts of Atlanta, LLC, Toyota Material Handling, Inc., and Big Lift, LLC,<br>                              Defendants. | IN THE COURT OF COMMON PLEAS<br>SECOND JUDICIAL CIRCUIT<br><br>Docket No.:  2025-CP-05-<br><br>**COMPLAINT** |

TO THE DEFENDANTS ABOVE NAMED:

Plaintiff, complaining of Defendants, would respectfully show this Court the following:

1.      Plaintiff Kenneth Paradiso is a citizen and resident of Iredell County, North Carolina.

2.      Defendant Epicker LLC, is, upon information and belief, a company organized and existing under the laws of a state other than South Carolina, conducts business in the State of South Carolina, County of Bamberg, through its agents, servants and/or employees and derives substantial revenue therefrom.

3.      Defendant Atlanta Fork Lifts, Inc., is, upon information and belief, a company organized and existing under the laws of a state other than South Carolina, conducts business in the State of South Carolina, County of Bamberg, through its agents, servants and/or employees and derives substantial revenue therefrom.

4.      Defendant Advanced Material Handling, LLC, is, upon information and belief, a company organized and existing under the laws of a state other than South Carolina, conducts business in the State of South Carolina, County of Bamberg, through its agents, servants and/or

ELECTRONICALLY FILED - 2025 Oct 21 4:44 PM - BAMBERG - COMMON PLEAS - CASE#2025CP0500200

employees and derives substantial revenue therefrom.

5.     Defendant Advanced Material Handling Systems, is, upon information and belief, a company organized and existing under the laws of a state other than South Carolina, conducts business in the State of South Carolina, County of Bamberg, through its agents, servants and/or employees and derives substantial revenue therefrom.

6.     Defendant E-P Equipment Co., Ltd. a/k/a EP Equipment Co., Ltd., is, upon information and belief, a company organized and existing under the laws of a state other than South Carolina, conducts business in the State of South Carolina, County of Bamberg, through its agents, servants and/or employees and derives substantial revenue therefrom.

7.     Defendant E-P Equipment, USA Corp. a/k/a EP Equipment, USA Corp., is, upon information and belief, a company organized and existing under the laws of the state of South Carolina, conducts business in the State of South Carolina, County of Bamberg, through its agents, servants and/or employees and derives substantial revenue therefrom.

8.     Defendant Toyota Forklifts of Atlanta, LLC, is, upon information and belief, a company organized and existing under the laws of a state other than South Carolina, conducts business in the State of South Carolina, County of Bamberg, through its agents, servants and/or employees and derives substantial revenue therefrom.

9.     Defendant Toyota Material Handling, Inc., is, upon information and belief, a company organized and existing under the laws of a state other than South Carolina, conducts business in the State of South Carolina, County of Bamberg, through its agents, servants and/or employees and derives substantial revenue therefrom.

10.     Defendant Big Lift, LLC, is, upon information and belief, a company organized and existing under the laws of a state other than South Carolina, conducts business in the State of South

ELECTRONICALLY FILED - 2025 Oct 21 4:44 PM - BAMBERG - COMMON PLEAS - CASE#2025CP0500200

Carolina, County of Bamberg, through its agents, servants and/or employees and derives substantial revenue therefrom.

11.     That the facts and circumstances which are the subject matter of this lawsuit occurred in the County of Bamberg, South Carolina.

12.     That, upon information and belief, Plaintiff's employer purchased the machine involved in the incident which is the subject of this Complaint from Defendants for use by its employees including Plaintiff.

13.     That, upon information and belief, the machine manufactured, designed, and/or sold by Defendants was delivered and provided for use by its workers, employees and agents of Pegasus Sports a/k/a Pegasus Sports LLC including Plaintiff.

14.     At all times material to the facts hereinafter stated, Defendants designed, manufactured, sold, distributed, and controlled the equipment involved in the incident which is the subject of this Complaint.

15.     That this Honorable Court has jurisdiction over the parties as Defendants have committed a tortious act in whole or in part in part in the State of South Carolina, County of Bamberg.

16.     That this Honorable Court has jurisdiction over the subject matter to this litigation and venue is proper in this Court, as the most substantial parts of acts and omissions giving rise to the causes of action occurred in the County of Bamberg, South Carolina.

## **FACTUAL ALLEGATIONS**

17.     Plaintiff herein realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

18.     That, on or about March 22, 2023, Plaintiff was working for Pegasus Sports LLC at

ELECTRONICALLY FILED - 2025 Oct 21 4:44 PM - BAMBERG - COMMON PLEAS - CASE#2025CP050200200

or near 1349 South Locust Avenue in Denmark, South Carolina.

19.     At the same time and place on March 22, 2023, Plaintiff was using a machine manufactured, designed, and sold by Defendants when the machine malfunctioned causing Plaintiff to sustain severe injuries forming the basis for this action; that upon information and belief, the said machine was an ePicker Model JX2-144 (hereinafter "subject ePicker machine") which was manufactured, designed, and sold by Defendants to Plaintiff's employer.

20.     That on or about March 22, 2023, Plaintiff was using the subject ePicker machine when the subject ePicker machine malfunctioned and failed to stop when it should have stopped which caused it to crash and pin Plaintiff between the cross bar of a bay and the subject ePicker machine causing Plaintiff to sustain severe injuries.

21.     That the foot switch also known as a deadman pedal was defective and malfunctioned and the subject ePicker machine failed to stop even though Plaintiff had released the deadman pedal and the machine should have immediately stopped.

22.     That the defective condition of the subject ePicker machine resulted in Plaintiff's injuries which give rise to this litigation.

23.     That the subject ePicker machine was manufactured, designed, sold, distributed, provided by, and under the control of Defendants at all times relevant to this Complaint.

24.     That upon information and belief, the subject ePicker machine involved in the subject incident was manufactured, designed, sold and created by Defendants Epicker LLC, E-P Equipment Co., Ltd. a/k/a EP Equipment Co., Ltd., E-P Equipment, USA Corp. a/k/a EP Equipment, USA Corp., and Big Lift, LLC.

25.     That the subject ePicker machine involved in the subject incident was sold and distributed by Defendants to Pegasus Sports a/k/a Pegasus Sports LLC for use by the workers,

ELECTRONICALLY FILED - 2025 Oct 21 4:44 PM - BAMBERG - COMMON PLEAS - CASE#2025CP0500200

employees and agents of Pegasus Sports a/k/a Pegasus Sports LLC including Plaintiff and was delivered by Defendants to 1349 South Locust Avenue in Denmark, South Carolina.

26.     That upon information and belief, Defendant Advanced Material Handling, LLC, Advanced Material Handling Systems was a dealer of the subject ePicker machine.

27.     That upon information and belief, Defendants Advanced Material Handling, LLC, and/or Advanced Material Handling Systems purchased the subject ePicker machine involved in the subject incident from the manufacturer of the subject ePicker machine which was Defendant Epicker LLC, E-P Equipment Co., Ltd. a/k/a EP Equipment Co., Ltd., E-P Equipment, USA Corp. a/k/a EP Equipment, USA Corp., and/or Big Lift, LLC.

28.     That Plaintiff did not have knowledge of the dangerous and defective conditions of the subject ePicker machine prior to the subject incident.

29.     That the subject ePicker machine had no signage or warnings posted on the machine to warn of the defective and dangerous condition then and there existing.

30.     That the injuries sustained by Plaintiff on or about March 22, 2023, required extensive medical treatment.  As a result, Plaintiff has suffered pain and a loss of enjoyment of life.

31.     That Defendants owed Plaintiff a duty of care, to discover and repair dangerous defects of Defendants' products, and to disclose to Plaintiff any latent defects existing of Defendants' products.

32.     That Defendants owed Plaintiff a duty to provide and maintain the subject ePicker machine in a safe and reasonable condition for foreseeable use.

33.     That Defendants breached their duty to Plaintiff by creating and/or allowing the ePicker machine to be available for use by customers and users, specifically Plaintiff, and failing to correct the defective and dangerous conditions of the subject ePicker machine.

ELECTRONICALLY FILED - 2025 Oct 21 4:44 PM - BAMBERG - COMMON PLEAS - CASE#2025CP0500200

34.     That Defendants breached their duty to Plaintiff by creating and/or allowing a defective and dangerous condition to exist on the premises and by failing to correct the defective and dangerous condition of the subject ePicker machine.

35.     That Defendants knew, or should have discovered and known, of the defective and dangerous condition.

36.     That Defendants did not take any steps to correct or repair this defective and dangerous condition, or to warn users, such as Plaintiff, of the hazard.

37.     That Plaintiff's injuries were caused by the defective and dangerous condition of the Defendants' premises and the subject ePicker machine.

38.     That Defendants, through its employees and/or agents, failed to properly design, manufacture, produce, and label the subject ePicker machine involved.

39.     Defendants are engaged in the business of designing, manufacturing, distributing, repairing and selling ePicker machines for use.

40.     That, upon information and belief, Defendants designed, manufactured, controlled, managed, sold, distributed and assumed responsibility for the subject ePicker machine involved in this case and Defendants were in the business of providing ePicker machines for customers and persons to use in Bamberg County, South Carolina.

41.     That the subject ePicker machine and its components was in a defective condition and was dangerous to an extent that the danger associated with its use outweighed its utility.

42.     That Plaintiff was a person who foreseeably uses the subject ePicker machine and would be reasonably expected to be affected by it.

43.     Upon information and belief, Defendants are and were aware that the subject ePicker machine has certain defects and failed to warn its customers and users, including Plaintiff.

ELECTRONICALLY FILED - 2025 Oct 21 4:44 PM - BAMBERG - COMMON PLEAS - CASE#2025CP0500200

44.     That the subject ePicker machine involved in the subject incident was of insufficient quality and did not meet industry standards.

45.     That such actions on the part of Defendants were the direct and proximate cause of the aforementioned incident and the injuries sustained by Plaintiff.

### FOR A FIRST CAUSE OF ACTION
**(As to all Defendants)**

46.     Plaintiff herein realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

47.     Defendants owed a duty to Defendants' customers, users of Defendants' products, and to Plaintiff to provide the subject ePicker machine in a reasonably safe and operational condition without defects.

48.     Defendants owed Plaintiff a duty of care to keep the subject ePicker machine reasonably safe, to discover and repair dangerous defects, and to disclose to customers and users, including Plaintiff, any latent defects of the subject ePicker machine.

49.     Defendants are vicariously liable for the actions of its agents and employees who owed a duty to inspect, search for, discover, warn against, and repair defective conditions of the subject ePicker machine, such as the hazardous condition which is the subject of this lawsuit.

50.     At all times relevant herein, all employees and/or agents of Defendants were acting within the course and scope of their employment with Defendants.

51.     Defendants breached their duty to Plaintiff by placing and allowing a dangerous and defective ePicker machine for use by customers and users, including Plaintiff, and by failing to correct the dangerous and defective condition of the subject ePicker machine.

52.     Defendants knew, or should have discovered and known, of the defective conditions

ELECTRONICALLY FILED - 2025 Oct 21 4:44 PM - BAMBERG - COMMON PLEAS - CASE#2025CP050000200

of the subject ePicker machine.

53.     That Plaintiff was injured by the defective subject ePicker machine including but not limited to its components.

54.     Defendants did not take any steps to correct or repair the unreasonably dangerous and defective conditions of the subject ePicker machine, or to warn users, including Plaintiff, of the hazard.

55.     Plaintiff would show that Defendants, through their agents, servants and/or employees, negligently, recklessly, willfully, wantonly, and grossly negligently breached its duty to Plaintiff in the following particulars to wit:

> a)     In creating and/or allowing a defective and dangerous product to be sold, distributed, and used to customers and users such as Plaintiff;
>
> b)     In failing to install a reasonable and adequate safety device;
>
> c)     In failing to incorporate a safety feature or device in the subject ePicker machine when absent such a feature or device, it was unreasonably dangerous to the user or consumer including Plaintiff; and
>
> d)     In such other particulars as the evidence at trial may show.

Any one or more of which acts of commission and/or omission were a proximate cause of the injuries suffered by Plaintiff.  Said acts of commission and/or omission were in violation of the statutory laws of the State of South Carolina.

## FOR A SECOND CAUSE OF ACTION
### (As to Defendants)
(Strict Liability)

56.     Plaintiff herein realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

ELECTRONICALLY FILED - 2025 Oct 21 4:44 PM - BAMBERG - COMMON PLEAS - CASE#2025CP0500200

57.     The subject ePicker machine was defective and unreasonably dangerous to the user and/or consumer when it left control of Defendants.  It remained so, without material change or alteration up to and including the time the incident occurred on March 22, 2023, in that:

    a)    As designed, manufactured and sold, the ePicker machine lacked proper safeguards to stop the machine and to protect users from injury such as what occurred to Plaintiff in this particular instance, creating a serious risk of injury and safety hazard to the user;

    b)    It lacked any safeguards or designs to eliminate or minimize the risk that would cause Plaintiff to become injured as occurred in this particular instance creating a serious risk of injury to the user;

    c)    As designed, manufactured and sold, the ePicker machine lacked reasonable safeguards to protect users from being crushed and/or injured if the machine failed to stop or malfunctioned;

    d)    It failed to have reasonable and adequate automatic stop mechanisms without defects;

    e)    It failed to have a reasonable, adequate, and accessible emergency stop device or mechanism;

    f)    It failed to have reasonable safety features to protect users from foreseeable risks and injuries; and

    g)    It lacked adequate warnings and instructions alerting users of the hazards associated with its design, of the gravity of the risk of injury and the precautionary measures to be taken to avoid injury.

58.     The combined defective conditions described, and each of them, was a legal proximate cause of the injuries and damages described herein.  The ePicker machine was defective and unreasonably dangerous while in Defendants' control in that it was not reasonably safe for foreseeable use.

59.     Defendants placed into the stream of commerce a product, namely the subject ePicker machine, which was defective, unfit and unusually dangerous to the intended users or consumers,

ELECTRONICALLY FILED - 2025 Oct 21 4:44 PM - BAMBERG - COMMON PLEAS - CASE#2025CP0500200

including Plaintiff.

60.     The injuries and damages suffered by Plaintiff were directly and proximately caused by the defective and unreasonably dangerous condition of the ePicker machine.

61.     Plaintiff would show that he was seriously injured as a direct and proximate result of the negligent, reckless, willful, wanton and grossly negligent acts and/or delicts as enumerated here and above, by Defendants, through its agents, servants and/or employees.

62.     That the subject ePicker machine was a product produced, manufactured, designed and created by Defendants.

63.     That Plaintiff was injured by the product and the injury to Plaintiff occurred because the product was in a defective condition unreasonably dangerous to the user including Plaintiff.

64.     Plaintiff would show that he has incurred severe physical harm which has and will continue to cause him to undergo physical pain and suffering.  Plaintiff would show that his injuries have limited his ability to engage in normal everyday activities.  Plaintiff would show that he suffers from severe emotional distress, worry and mental anguish as a result of his injuries.  Plaintiff has incurred financial loss as a result of related medical expenses for hospital bills, doctor bills, medication expenses and will incur future expenses.

65.     The injuries and damages suffered by the Plaintiff were directly and proximately caused by the above negligent and reckless acts of Defendants.

66.     Defendants are strictly liable for all damages caused by the defective condition of the subject ePicker machine.

### FOR A THIRD CAUSE OF ACTION
**(As to Defendants)**
(Negligence)

67.     Plaintiff herein realleges and reiterates all previous paragraphs as fully as if set forth

ELECTRONICALLY FILED - 2025 Oct 21 4:44 PM - BAMBERG - COMMON PLEAS - CASE#2025CP050000200

in this paragraph in its entirety.

68.     That Defendants owed to Plaintiff the duty to exercise reasonable care in the design, manufacture, marketing, distribution and sale of subject ePicker machine.

69.     Defendants owed Plaintiff a duty of care to design, produce, manufacture, distribute, repair, and sell the subject ePicker machine and its components using reasonable care and materials free from defects.

70.     Defendants owed a duty to Defendants' customers, users of Defendants' products, and to Plaintiff to provide the subject ePicker machine in a reasonably safe and operational condition without defects.

71.     Defendants owed Plaintiff a duty of care to keep the subject ePicker machine reasonably safe, to discover and repair dangerous defects, and to disclose to customers and users, including Plaintiff, any latent defects of the subject ePicker machine.

72.     Defendants are vicariously liable for the actions of its agents and employees who owed a duty to inspect, search for, discover, warn against, and repair defective conditions of the subject ePicker machine, such as the hazardous condition which is the subject of this lawsuit.

73.     At all times relevant herein, all employees and/or agents of Defendants were acting within the course and scope of their employment with Defendants.

74.     Defendants breached their duty to Plaintiff by designing, creating, manufacturing, selling, distributing, and/or allowing dangerous and defective ePicker machine for use by customers and users, including Plaintiff, and by failing to correct the dangerous and defective condition of the subject ePicker machine.

75.     Defendants manufactured, designed, sold, distributed, and placed defective products, which were unreasonably dangerous, including the subject ePicker machine in question into the

ELECTRONICALLY FILED - 2025 Oct 21 4:44 PM - BAMBERG - COMMON PLEAS - CASE#2025CP0500200

stream of commerce which was placed for use in South Carolina.

76.     That Plaintiff did not have knowledge of the defective and hazardous condition of subject ePicker machine prior to using it.

77.     That the subject ePicker machine had no signage or warning posted or provided to customers and users, including Plaintiff, to warn of the dangerous condition then and there existing.

78.     Defendants' ePicker machine was expected to and did reach the user or consumer, Plaintiff, without substantial change in the condition in which it was sold.

79.     Thus, even if Defendants had utilized care in the preparation and sale of the products, a duty which Defendants owed and breached, which is denied, Defendants would be liable to the Plaintiff for their conduct.

80.     Defendants' ePicker machine were further in a defective condition, to the extent beyond that which would be contemplated by the ordinary purchaser who purchases it and ordinary user, with the ordinary knowledge common to the community as to their characteristics, unreasonably dangerous for their intended use.

81.     The subject ePicker machine was in essentially the same condition at the time of the subject incident as it was when it left the hands of Defendants.

82.     The defective and unreasonably dangerous condition of Defendants' ePicker machine proximately caused Plaintiff's injuries.

83.     That the defective conditions of Defendants' product and its components created a safety hazard for Plaintiff, was unreasonably dangerous and caused Plaintiff's injuries.

84.     That Plaintiff's injuries occurred because the product manufactured, designed, provided, sold, leased and distributed by Defendants was in a defective condition unreasonably dangerous to the user.

ELECTRONICALLY FILED - 2025 Oct 21 4:44 PM - BAMBERG - COMMON PLEAS - CASE#2025CP0500200

85.     That Plaintiff was operating and using the subject ePicker machine properly at all times relevant to this Complaint.

86.     In its conduct, Defendants breached its duties and was careless, negligent, reckless, grossly negligent, willful and wanton in the design, manufacture, distribution and sale of subject ePicker machine in one or all of the following particulars to-wit:

a)     In failing to adequately test or evaluate the design and operating characteristics of the purpose of identifying the hazards posed by the design, the gravity of the risk of injury and the reasonable engineering alternatives to be taken to eliminate the hazard or adequately minimize the exposure and the risk of injury;

b)     In failing to provide reasonably necessary safeguards or design measures to prevent an injury such as occurred in this instance from occurring;

c)     In failing to incorporate as part of the fundamental design adequate warnings, alerting users of the hazards associated with the design, of the grave risk of injury and of the necessary precautions measures to be taken to avoid injury;

d)     In failing to conduct adequate tests of studies before, during and after the design and manufacture of the subject ePicker machine to determine whether the ePicker machine was reasonably safe under foreseeable conditions of use;

e)     In failing to conduct adequate quality control procedures on all materials and parts incorporated into the subject ePicker machine;

f)     Failing prior to March 22, 2023, to recall the subject ePicker machine that they had sold, and knew was in use, or otherwise supply modification kits or launch a warning to take other action where a reasonable prudent

Page 14

ELECTRONICALLY FILED - 2025 Oct 21 4:44 PM - BAMBERG - COMMON PLEAS - CASE#2025CP0500200

manufacturer would have taken to minimize product dangers of operation about which they knew or should have known existed, but about which the owners and operators were unaware;

g)     In failing to warn Plaintiff of the defective conditions of the subject ePicker machine;

h)     In failing to reasonably investigate and discover risks of the subject ePicker machine (product) and to take safety precautions to prevent unreasonable risk of harm to users such as Plaintiff;

i)     In failing to properly hire, properly train and supervise competent employees and/or agents who were to attend to the inspection and condition of the ePicker machine so as to avoid injury to users;

j)     In failing to perform routine maintenance and inspections of the subject ePicker machine and subject product;

k)     In failing to follow or maintain adequate safety procedures;

l)     In failing to inspect, maintain, and ensure that the subject ePicker machine was reasonably safe and free from defects;

m)     In failing to repair the subject ePicker machine in a reasonable and prompt manner;

n)     In failing to meet industry standards and applicable laws;

o)     In failing to provide training and operator safety training in a reasonable and adequate manner;

p)     In failing to provide, program and repair the components of the subject ePicker machine in a reasonable, safe and prompt manner; and

ELECTRONICALLY FILED - 2025 Oct 21 4:44 PM - BAMBERG - COMMON PLEAS - CASE#2025CP050000200

q)      In otherwise failing to use due care as shall be revealed during the discovery

process.

Any one or more of which acts of commission and/or omission were a proximate cause of the

injuries suffered by Plaintiff.  Said acts of commission and/or omission were in violation of the

statutory laws of the State of South Carolina.

### FOR A FOURTH CAUSE OF ACTION
**(As to Defendants)**
(Breach of Implied Warranty)

87.      Plaintiff herein realleges and reiterates all previous paragraphs as fully as if set forth

in this paragraph in its entirety.

88.      In manufacturing, labeling, promoting, distributing, selling and placing in the stream

of interstate commerce, Defendants impliedly warranted that the same was merchantable and fit for

the ordinary purposes for such ePicker machines are used.

89.      The subject ePicker machine was not merchantable in that, as designed or

manufactured it caused injury to Plaintiff.

90.      As a direct and proximate result of Defendants' breach of the implied warranty of

merchantability, Plaintiff has been injured and damaged as stated above and herein.

### FOR A FIFTH CAUSE OF ACTION
**(As to Defendants)**
(Breach of Implied Warranty for Particular Purpose)

91.      Plaintiff herein realleges and reiterates all previous paragraphs as fully as if set forth

in this paragraph in its entirety.

92.      Defendants, having reason to know the particular purpose for which the ePicker

machine was to be used, impliedly warranted that it was fit for its safe and proper use.

93.      Pegasus Sports LLC a/k/a Pegasus Sports and its employees relied on Defendants'

ELECTRONICALLY FILED - 2025 Oct 21 4:44 PM - BAMBERG - COMMON PLEAS - CASE#2025CP0500200

skill and judgment to furnish and select a safe and suitable ePicker machine for the employees and workers of Pegasus Sports LLC a/k/a Pegasus Sports including Plaintiff for the particular purpose for which the ePicker machine was to be used.

94.     That Plaintiff was a foreseeable user of the ePicker machine.

95.     The subject ePicker machine was not fit for the particular purpose in that it caused injury to Plaintiff.

96.     As a direct and proximate cause of the Defendants' breach of implied warranty for a particular purpose, Plaintiff has been injured and damaged as stated above and herein.

<u>**SIXTH CAUSE OF ACTION**</u>
**Violation of South Carolina Unfair Trade Practices Act as to all Defendants**

97.     Plaintiff realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

98.     Plaintiff and Defendants are "persons" within the meaning of Section 39-5-10(a) Code of Laws of South Carolina, 1976, as amended.

99.     Defendants, by conducting business in the state of South Carolina, are engaged in commerce within the meaning of Code Section 39-5-10(b).

100.     Defendants' actions described in this Complaint constitute unfair and deceptive practices within the meaning of Code Section 39-5-20(a).

101.     Defendants' acts are capable of repetition, and, upon information and belief, have been repeated with others.

102.     The actions of Defendants, which are described in this Complaint constitute unfair and deceptive practices within the meaning of S.C. Code Ann. Section 39-5-20(a), namely, advertising the following untrue statements for example: (1) "We pledge to provide our business

ELECTRONICALLY FILED - 2025 Oct 21 4:44 PM - BAMBERG - COMMON PLEAS - CASE#2025CP0500200

clients quality material handling equipment, solutions, and services; consistently, efficiently and cost-effectively"; (2) "Safety is at the forefront of all we do"; (3) that "[t]he full steel-covered truck body ensures a safe and stable truck that is highly durable"; and (4) by advertising high quality products when in fact Defendants do not provide quality material handling equipment, solutions and services consistently efficiently and cost-effectively, safety is not at the forefront of all Defendants do, the JX2 machine is not a safe and stable truck that is highly durable and Defendants failed to provide high quality products as advertised.

103.    Defendants' conduct adversely affects the public interest of South Carolina.

104.    Defendants knew or reasonably should have known their conduct violated the Unfair Trade Practices Act.

105.    As a direct, foreseeable, and proximate result of Defendants' unfair and deceptive practices, Plaintiff has suffered an ascertainable loss of money, physical injuries, pain and suffering as previously alleged.

106.    Plaintiff is entitled to recover his actual damages, which amount should be trebled, pursuant to South Carolina law, together with interest and attorneys' fees.

## DAMAGES

107.    Plaintiff herein realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

108.    That, as the direct and proximate result of the aforesaid negligent, grossly negligent, careless, reckless, willful and wanton acts and/or omissions of Defendants, through its agents, servants and/or employees, Plaintiff:

        a)    Was severely, seriously, painfully, and permanently injured;

        b)    Suffered injuries about various parts of his body;

ELECTRONICALLY FILED - 2025 Oct 21 4:44 PM - BAMBERG - COMMON PLEAS - CASE#2025CP0500200

c)      Was and will be subjected to the administration of strong and potent drugs and medications;

d)      Suffered extreme and painful injuries to his person from which Plaintiff is informed and believes that he will have permanent adverse effect and disability;

e)      Suffered injuries that required medical treatment and will require medical care and treatment in the future;

f)      Has incurred and will incur in the future, substantial medical and doctor bills due to his injuries;

g)      Was and will be subjected to extreme pain, mental anguish, emotional distress, loss of enjoyment of life, suffering and discomfort over a long period of time;

h)      Has and will suffer a financial loss in the form of wages and future earning capacity;

i)      Has been and will be prevented from attending to his usual and ordinary activities of daily living; and

j)      All other damages, including actual, special, consequential and punitive, in an amount to be determined by the trier of facts.

Accordingly, Plaintiff is informed and believes that he is entitled to actual, special, consequential, treble, and punitive damages sufficient to reflect the injuries that he sustained against Defendants, for Defendants' actions and inactions in creating, maintaining or failing to correct a dangerous condition upon the premises.

**WHEREFORE,** Plaintiff prays as follows:

a.      For judgment against Defendants and an award of actual, special, consequential,

treble, and punitive damages as determined by this Honorable Court;

b.      For the costs associated with this action; and

c.      For such other and further relief as this Honorable Court may deem just and proper.


s/ P. Brooke Eaves Wright
P. Brooke Eaves Wright, Esquire
SC Bar No.: 102021
**WRIGHT INJURY LAW LLC**
4214 Mayfair St., Unit A
Myrtle Beach, South Carolina 29577
Telephone:  (843) 380-8004
Facsimile:  (843) 589-1329
Brooke@thewrightinjurylawyer.com
**ATTORNEY FOR PLAINTIFF**

Myrtle Beach, South Carolina
October 21, 2025

ELECTRONICALLY FILED - 2025 Oct 21 4:44 PM - BAMBERG - COMMON PLEAS - CASE#2025CP0500200