IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Kenneth Paradiso, | ) | Civil Action No.: 5:25-cv-14034-MGL |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING PLAINTIFF'S** |
| vs. | ) | **MOTION FOR EXTENSION OF TIME** |
| | ) | **TO SERVE DEFENDANTS E-P** |
| Epicker, LLC, Atlanta Fork Lifts, Inc. | ) | **EQUIPMENT CO., LTD. A/K/A EP** |
| Advanced Material Handling, LLC, | ) | **EQUIPMENT CO., LTD. AND E-P** |
| Advanced Material Handling Systems, E-P | ) | **EQUIPMENT, USA CORP A/K/A EP** |
| Equipment Co., Ltd. *a/k/a EP Equipment* | ) | **EQUIPMENT, USA CORP., WITH** |
| *Co., Ltd*., E-P Equipment, USA Corp. *a/k/a* | ) | **SUMMONS AND COMPLAINT** |
| *EP Equipment, USA Corp.*, Toyota Forklifts | ) | |
| of Atlanta, LLC, Toyota Material Handling | ) | |
| Inc., and Big Lift, LLC, | ) | |
| Defendants. | ) | |
| | ) | |

This matter came before the Court on Plaintiff's Amended motion for extension of time to serve Defendant E-P Equipment Co., Ltd. a/k/a EP Equipment Co., Ltd., and Defendant E-P Equipment, USA Corp a/k/a EP Equipment, USA Corp., with the Summons and Complaint in the above-referenced case. Plaintiff's counsel had a phone conference pursuant to Local Rule 7.02 with Defense attorney Roopal Ruparelia on March 18, 2026, during which Attorney Ruparelia consented to this motion; in addition, Plaintiff's counsel requested consent to Plaintiff's motion for an extension by email to counsel for opposing parties in this case on March 18, 2026.  Attorney Keely McCoy has also consented to Plaintiff's motion on behalf of Defendants Atlanta Fork Lifts, Inc., Advanced Material Handling, LLC, and Advanced Material Handling Systems.  Counsel for all Defendants who have appeared in this case have consented to this motion.

Plaintiff filed the Summons and Complaint against Defendants in the Horry County Court of Common Pleas which is a South Carolina State Court on October 21, 2025, which was assigned Case No. #2025CP0500200.  Plaintiff's counsel served the Summons and Complaint on Defendant

1

Advanced Material Handling, LLC, on or about December 6, 2025. Defendants Atlanta Fork Lifts, Inc. Advanced Material Handling, LLC, Advanced Material Handling Systems, and Toyota Forklifts of Atlanta, LLC, all of which have the same defense attorney, filed a Notice of Removal on December 30, 2025. Based upon the Court's Text Order entered on January 31, 2025, this case was stayed until January 27, 2026, and required Plaintiff's counsel to file a notice of appearance in Federal Court by January 27, 2026. The undersigned counsel for Plaintiff timely filed a notice of appearance for Plaintiff in Federal Court on January 26, 2026, and first began receiving e-filing notifications from the Federal Court's ECF e-filing system on January 26, 2026. Plaintiff has exercised diligence and made good faith efforts to serve Defendant E-P Equipment Co., Ltd. a/k/a EP Equipment Co., Ltd., and Defendant E-P Equipment, USA Corp a/k/a EP Equipment, USA Corp., since the commencement of this action.

Federal Rule of Civil Procedure 4(m) provides that a defendant must be served within ninety days after the complaint is filed, and if service is not made within that period, "the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice ... or order that service be made within a specified time." Rule 4, FRCP. It further directs that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Rule 4, FRCP.

The Court finds that the 90-day deadline to serve a defendant pursuant to Rule 4(m), FRCP, does not apply here as to Defendant E-P Equipment Co., Ltd. a/k/a EP Equipment Co., Ltd., because "subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A)". See Rule 4, FRCP. Plaintiff has requested five additional months to serve said Defendant E-P Equipment Co., Ltd. a/k/a EP

Equipment Co., Ltd., based on the estimated time frame it would take to complete such service pursuant to the Hague Convention due to said Defendant being a Chinese company.

The "good cause" clause makes an extension mandatory once the plaintiff demonstrates good cause for the failure to serve within ninety days. Separately, both the Supreme Court and courts in this circuit recognize that Rule 4(m) also authorizes discretionary extensions even where good cause is not shown. In *Henderson v. United States*, 517 U.S. 654 (1996), the Court noted that after the 1993 amendments, "courts have been accorded discretion to enlarge the [Rule 4(m)] period even if there is no good cause shown," as summarized and applied in *Kelly v. Heritage Services Corp.*, C.A. No. 5:20-4138-JMC-SVH (D.S.C. Mar. 10, 2021). The Fourth Circuit has likewise held that district courts have discretion to extend the time to effect service even absent good cause. *Gelin v. Shuman*, 35 F.4th 212 (4th Cir. 2022).

The Court hereby finds and concludes that Plaintiff has demonstrated good cause to grant an extension of time for Plaintiff to serve the Summons and Complaint in the above-referenced case on Defendant E-P Equipment Co., Ltd. a/k/a EP Equipment Co., Ltd., and Defendant E-P Equipment, USA Corp a/k/a EP Equipment, USA Corp., based upon Plaintiff's diligent efforts in attempting to effect service. Moreover, the Court finds that the statute of limitations has not yet expired and Defendants will not suffer any prejudice from the Court's granting of Plaintiff's motion for an extension of time to serve Defendant E-P Equipment Co., Ltd. a/k/a EP Equipment Co., Ltd., and Defendant E-P Equipment, USA Corp a/k/a EP Equipment, USA Corp., with the Summons and Complaint in the above-referenced case. In addition, the Court finds that the period of time to serve the summons and complaint on Defendants in this case was tolled while the case was stayed until January 27, 2026, pursuant to the Court's Text Order entered on January 31, 2025.

3

IT IS ORDERED that Plaintiff's motion for an extension of time to serve Defendant E-P Equipment Co., Ltd. a/k/a EP Equipment Co., Ltd., and Defendant E-P Equipment, USA Corp a/k/a EP Equipment, USA Corp., with the Summons and Complaint in the above-referenced case is HEREBY GRANTED based upon good cause demonstrated by Plaintiff and in the Court's discretion pursuant to Rule 4, FRCP, and applicable case law. *Gelin v. Shuman*, 35 F.4th 212 (4th Cir. 2022).

IT IS FURTHER ORDERED that Plaintiff shall hereby be granted an extension to serve the Summons and Complaint in the above-referenced case on Defendant E-P Equipment, USA Corp a/k/a EP Equipment, USA Corp., which will expire on the 31st day after the execution of this Order.

IT IS FURTHER ORDERED that Plaintiff shall hereby be granted an extension to serve the Summons and Complaint in the above-referenced case on Defendant E-P Equipment Co., Ltd. a/k/a EP Equipment Co., Ltd., which will expire on August 20, 2026.

s/Mary Geiger Lewis
Mary Geiger Lewis,
United States District Judge

March 20, 2026
Columbia, South Carolina