IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| KENNETH PARADISO, | ) | Civil Action No.  5:25-CV-14034-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| EPICKER, LLC, ATLANTA FORK | ) | |
| LIFTS, INC., ADVANCED MATERIAL | ) | |
| HANDLING, LLC, ADVANCED | ) | |
| MATERIAL HANDLING SYSTEMS, E-P | ) | **DEFENDANT EPICKER, LLC'S** |
| EQUIPMENT CO., LTD. A/K/A EP | ) | **MOTION TO STAY DISCOVERY** |
| EQUIPMENT CO., LTD, E-P | ) | **AND/OR FOR A PROTECTIVE** |
| EQUIPMENT, USA CORP. A/K/A EP | ) | **ORDER** |
| EQUIPMENT, USA CORP., TOYOTA | ) | |
| FORKLIFTS OF ATLANTA, LLC, | ) | |
| TOYOTA MATERIAL HANDLING, | ) | |
| INC., AND BIG LIFT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**TO:   P. BROOKE EAVES WRIGHT, ESQUIRE, COUNSEL FOR PLAINTIFF, AND TO THE PLAINTIFF ABOVE NAMED:**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendant ePicker, LLC, by and through its undersigned counsel, hereby moves the Court for an Order to stay discovery until the resolution of Defendant ePicker's Motion to Dismiss the Plaintiff's Complaint for lack of service of process.

1)      This case arises from a workplace injury involving an allegedly defective pallet jack machine (Model JX2-144).  *See* Compl. ¶¶ 18–20, ECF No. 1-1.  Plaintiff alleges he was operating the pallet jack when it malfunctioned, causing him injury.  *Id*.

2)      Plaintiff brought suit on October 21, 2025, alleging product liability claims for negligence, strict liability, and breach of warranty against all defendants.  Six of the defendants,

not including Defendant ePicker, filed a Notice of Removal based on diversity jurisdiction. *See* Notice of Removal, ECF No. 1.

3)      On March 6, 2026, Defendant ePicker moved to dismiss Plaintiff's Complaint under Rule 12(b)(4), (5) of the Federal Rules of Civil Procedure. If granted, this Motion is dispositive of all claims against Defendant.

4)      "Under Fed. R. Civ. P. 26(c), a court may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Herring v. Lapolla Indus., Inc.*, 2013 WL 12148769, at *1 (D.S.C. Aug. 30, 2013) (citing *Hollins v. U.S. Tennis Ass'n,* 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006)). "Stay of discovery pending the outcome of a dispositive motion requires a case-by-case analysis." *Id*. When determining whether a stay of discovery is justified, courts consider "the breadth of discovery and burden of responding to it, the risk of unfair prejudice to a party opposing the stay, the nature and complexity of the action, the posture or stage of the litigation, and any other relevant circumstances." *Id*. The interest of efficient use of both judicial and party resources as well as the risk of undue burden on Defendants present good cause for Defendants' Motion for a Protective Order. *See Boudreaux Grp. v. Nexsen,* No. 8:18-cv-1498-TMC, 2018 U.S. Dist. LX 228859, at *10 (D.S.C. Nov. 20, 2018); *see also Eleazu v. Dir. U.S. Army Network Enter. Ctr.*, No.: 3:20-2576-JMC-SVH, 2020 U.S. Dist. LX 219164, at *16 (D.S.C. Nov. 23, 2020) (staying discovery pending the resolution of a dispositive motion which could resolve all claims against a defendant and render discovery unnecessary); *Marlboro Elec. Coop. v. Cent. Elec. Power Coop.*, No. 4:20-cv-04386-SAL, 2021 U.S. Dist. LX 244621, at *5 (D.S.C. May 13, 2021) ("[P]roceeding with discovery is inefficient and unnecessary where a question of law may be dispositive of the case.").

5) The case at bar is in its initial stages, especially as to Defendant ePicker. Discovery has just begun, and ePicker has filed a dispositive motion, such that future discovery may not be warranted against it. Plaintiff has purportedly served voluminous written discovery (78 Interrogatories and Requests for Production) on Defendant ePicker that would require extensive time and resources to prepare responses and thus favors staying discovery until the dispositive motion is resolved.

6) To complicate matters, the undersigned was retained to represent ePicker, LLC, as an additional insured under a general liability insurance policy issued by Federated Mutual Insurance Company. Since then, counsel has learned that ePicker, LLC, had merged with Big Lift, LLC, a fact confirmed in the Notice of Removal. *See* Notice of Removal ¶ 10, ECF No. 1 ("Defendant ePicker, LLC, is…wholly owned by Defendant Big Lift, LLC."). As a result, the undersigned tendered the defense of ePicker to Big Lift on February 6, 2026, requesting that Big Lift respond to the tender by February 20th. To date, however, Big Lift has neither confirmed nor denied whether it will accept the tender of ePicker.

7) Here, proceeding with discovery pending Defendant's dispositive motion and the tender of defense to Big Lift risks wasting resources and unduly burdening Defendant. A stay of discovery until this Court has ruled the Motion preserves the resources of all parties and will promote judicial economy. *See Boudreaux Grp.,* at *5. In the event Defendant's motion to dismiss is denied, Defendant would be obligated to then respond to written discovery within a reasonable period of time, affording Plaintiff with ample time to complete all discovery he wishes to pursue in this matter.

8)     For these reasons, Defendant ePicker prays that the Court grant its Motion to stay discovery, or in the alternative for a protective Order.[1]

Respectfully submitted,

ROBINSON GRAY STEPP & LAFFITTE, LLC

By:  S / *Cordes B. Kennedy*
       Rebecca Laffitte (Fed I.D. No. 1036)
       rlaffitte@robinsongray.com
       J. Michael Montgomery (Fed I.D. No. 10290)
       mmontgomery@robinsongray.com
       Cordes B. Kennedy (Fed I.D. No. 12987)
       ckennedy@robinsongray.com
       Haley S. Moorman (Fed I.D. No. 13349)
       hmoorman@robinsongray.com
       2151 Pickens Street, Suite 500
       Post Office Box 11449
       Columbia, South Carolina 29211
       (803) 929-1400
       *Attorneys for Defendant ePicker, LLC*

Columbia, South Carolina

March 30, 2026

---

[1]     The undersigned counsel certifies that he has consulted with counsel for the Plaintiff and has been unable (to date) to resolve the issues raised in this Motion.