IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| KENNETH PARADISO, | ) | Civil Action No.  5:25-CV-14034-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| EPICKER, LLC, ATLANTA FORK | ) | |
| LIFTS, INC., ADVANCED MATERIAL | ) | |
| HANDLING, LLC, ADVANCED | ) | **DEFENDANT EPICKER, LLC'S** |
| MATERIAL HANDLING SYSTEMS, E-P | ) | **ANSWER TO PLAINTIFF'S** |
| EQUIPMENT CO., LTD. A/K/A EP | ) | **COMPLAINT** |
| EQUIPMENT CO., LTD, E-P | ) | |
| EQUIPMENT, USA CORP. A/K/A EP | ) | |
| EQUIPMENT, USA CORP., TOYOTA | ) | |
| FORKLIFTS OF ATLANTA, LLC, | ) | |
| TOYOTA MATERIAL HANDLING, | ) | |
| INC., AND BIG LIFT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**TO:    P. BROOKE EAVES WRIGHT, ESQUIRE, OF WRIGHT INJURY LAW, LLC, AND TO THE PLAINTIFF:**

Defendant ePicker, LLC, hereinafter referred to as "Defendant," in answering the Plaintiff's Complaint, herein states as follows:

## FOR A FIRST DEFENSE
### (General denial)

Defendant denies each and every allegation of the Plaintiff's Complaint not hereinafter specifically admitted.

1.      Defendant is without sufficient information to form a belief as to the allegations of Paragraph 1 of the Complaint and therefore denies the same.

2.      Upon information and belief, Defendant admits that it is (or was) a company organized and existing under the laws of a state other than South Carolina.  As to any remaining

allegations in Paragraph 2 of the Complaint, Defendant is without sufficient information to form a belief thereto and thus denies the same and demands strict proof thereof.

3.      Defendant is without sufficient information to form a belief as to the allegations of Paragraph 3 of the Complaint and therefore denies the same.

4.      Defendant is without sufficient information to form a belief as to the allegations of Paragraph 4 of the Complaint and therefore denies the same.

5.      Defendant is without sufficient information to form a belief as to the allegations of Paragraph 5 of the Complaint and therefore denies the same.

6.      Defendant is without sufficient information to form a belief as to the allegations of Paragraph 6 of the Complaint and therefore denies the same.

7.      Defendant is without sufficient information to form a belief as to the allegations of Paragraph 7 of the Complaint and therefore denies the same.

8.      Defendant is without sufficient information to form a belief as to the allegations of Paragraph 8 of the Complaint and therefore denies the same.

9.      Defendant is without sufficient information to form a belief as to the allegations of Paragraph 9 of the Complaint and therefore denies the same.

10.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 10 of the Complaint and therefore denies the same.

11.     In answering the allegations of Paragraph 11 of the Complaint, to the extent said allegations state a legal conclusion, no response is required.  To the extent the allegations of Paragraph 11 of the Complaint are construed to require a response, they are denied.

12.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 12 of the Complaint and therefore denies the same.

13. Defendant is without sufficient information to form a belief as to the allegations of Paragraph 13 of the Complaint and therefore denies the same.

14. Defendant is without sufficient information to form a belief as to the allegations of Paragraph 14 of the Complaint and therefore denies the same.

15. In answering the allegations of Paragraph 15 of the Complaint, to the extent said allegations state a legal conclusion, no response is required. To the extent the allegations of Paragraph 15 of the Complaint are construed to require a response, they are denied.

16. In answering the allegations of Paragraph 16 of the Complaint, to the extent said allegations state a legal conclusion, no response is required. To the extent the allegations of Paragraph 16 of the Complaint are construed to require a response, they are denied.

17. In response to Paragraph 17 of the Complaint, Defendant reiterates its responses to Paragraphs 1 through 16 above as if fully set forth verbatim herein.

18. Defendant is without sufficient information to form a belief as to the allegations of Paragraph 18 of the Complaint and therefore denies the same.

19. Defendant is without sufficient information to form a belief as to the allegations of Paragraph 19 of the Complaint and therefore denies the same.

20. Defendant is without sufficient information to form a belief as to the allegations of Paragraph 20 of the Complaint and therefore denies the same.

21. Defendant is without sufficient information to form a belief as to the allegations of Paragraph 21 of the Complaint and therefore denies the same.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant is without sufficient information to form a belief as to the allegations of Paragraph 23 of the Complaint and therefore denies the same.

24.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 24 of the Complaint and therefore denies the same.

25.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 25 of the Complaint and therefore denies the same.

26.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 26 of the Complaint and therefore denies the same.

27.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 27 of the Complaint and therefore denies the same.

28.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 28 of the Complaint and therefore denies the same.

29.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 29 of the Complaint and therefore denies the same and demands strict proof thereof.

30.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 30 of the Complaint and therefore denies the same.

31.     In answering the allegations of Paragraph 31 of the Complaint, to the extent said allegations state a legal conclusion, no response is required.  To the extent the allegations of Paragraph 31 of the Complaint are construed to require a response, they are denied as stated, and this Defendant demands strict proof thereof.

32.     In answering the allegations of Paragraph 32 of the Complaint, to the extent said allegations state a legal conclusion, no response is required.  To the extent the allegations of Paragraph 32 of the Complaint are construed to require a response from this Defendant, they are denied as stated, and this Defendant demands strict proof thereof.

33.     To the extent the allegations in Paragraph 33 are directed towards another Defendant, no response is required.  To the extent the allegations in Paragraph 33 are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

34.     To the extent the allegations in Paragraph 34 are directed towards another Defendant, no response is required.  To the extent the allegations in Paragraph 34 are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

35.     To the extent the allegations in Paragraph 35 are directed towards another Defendant, no response is required.  To the extent the allegations in Paragraph 35 are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

36.     To the extent the allegations in Paragraph 36 are directed towards another Defendant, no response is required.  To the extent the allegations in Paragraph 36 are directed towards this Defendant, they are denied as stated, and this Defendant demands strict proof thereof.

37.     To the extent the allegations in Paragraph 37 are directed towards another Defendant, no response is required.  To the extent the allegations in Paragraph 37 are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

38.     To the extent the allegations in Paragraph 38 are directed towards another Defendant, no response is required.  To the extent the allegations in Paragraph 38 are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

39.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 39 of the Complaint and therefore denies the same.

40.	Defendant is without sufficient information to form a belief as to the allegations of Paragraph 40 of the Complaint and therefore denies the same and demands strict proof thereof.

41.	Defendant denies the allegations in Paragraph 41 of the Complaint and demands strict proof thereof.

42.	In answering the allegations of Paragraph 42 of the Complaint, to the extent said allegations state a legal conclusion, no response is required.  To the extent the allegations of Paragraph 42 of the Complaint are construed to require a response, they are denied as stated, and this Defendant demands strict proof thereof.

43.	To the extent the allegations in Paragraph 43 are directed towards another Defendant, no response is required.  To the extent the allegations in Paragraph 43 are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

44.	Defendant denies the allegations in Paragraph 44 of the Complaint and demands strict proof thereof.

45.	To the extent the allegations in Paragraph 45 are directed towards another Defendant, no response is required.  To the extent the allegations in Paragraph 45 are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

46.	In response to Paragraph 46 of the Complaint, Defendant reiterates its responses to Paragraphs 1 through 45 above as if fully set forth verbatim herein.

47.	In answering the allegations of Paragraph 47 of the Complaint, to the extent said allegations state a legal conclusion, no response is required.  To the extent the allegations of Paragraph 47 of the Complaint are construed to require a response from this Defendant, they are denied as stated, and this Defendant demands strict proof thereof.

48. In answering the allegations of Paragraph 48 of the Complaint, to the extent said allegations state a legal conclusion, no response is required. To the extent the allegations of Paragraph 48 of the Complaint are construed to require a response from this Defendant, they are denied as stated, and this Defendant demands strict proof thereof.

49. To the extent the allegations in Paragraph 49 are directed towards another Defendant, no response is required. To the extent the allegations in Paragraph 49 are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

50. To the extent the allegations in Paragraph 50 are directed towards another Defendant, no response is required. To the extent the allegations in Paragraph 50 are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

51. To the extent the allegations in Paragraph 51 are directed towards another Defendant, no response is required. To the extent the allegations in Paragraph 51 are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

52. To the extent the allegations in Paragraph 52 are directed towards another Defendant, no response is required. To the extent the allegations in Paragraph 52 are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

53. Defendant is without sufficient information to form a belief as to the allegations of Paragraph 53 of the Complaint and therefore denies the same.

54. To the extent the allegations in Paragraph 54 are directed towards another Defendant, no response is required. To the extent the allegations in Paragraph 54 are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

55. To the extent the allegations in Paragraph 55, including subparts, are directed towards another Defendant, no response is required. To the extent the allegations in Paragraph

55, including subparts, are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

56. In response to Paragraph 56 of the Complaint, Defendant reiterates its responses to Paragraphs 1 through 55 above as if fully set forth verbatim herein.

57. To the extent the allegations in Paragraph 57, including subparts, are directed towards another Defendant, no response is required. To the extent the allegations in Paragraph 57, including subparts, are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

58. Defendant denies the allegations of Paragraph 58 of the Complaint and demands strict proof thereof.

59. Defendant is without sufficient information to form a belief as to the allegations of Paragraph 59 of the Complaint and therefore denies the same.

60. Defendant is without sufficient information to form a belief as to the allegations of Paragraph 60 of the Complaint and therefore denies the same and demands strict proof thereof.

61. To the extent the allegations in Paragraph 61 are directed towards another Defendant, no response is required. To the extent the allegations in Paragraph 61 are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

62. Defendant is without sufficient information to form a belief as to the allegations of Paragraph 62 of the Complaint and therefore denies the same.

63. Defendant denies the allegations of Paragraph 63 of the Complaint and demands strict proof thereof.

64.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 64 of the Complaint and therefore denies the same.

65.     Defendant denies the allegations of Paragraph 65 of the Complaint and demands strict proof thereof.

66.     Defendant denies the allegations of Paragraph 66 of the Complaint and demands strict proof thereof.

67.     In response to Paragraph 67 of the Complaint, Defendant reiterates its responses to Paragraphs 1 through 66 above as if fully set forth verbatim herein.

68.     In answering the allegations of Paragraph 68 of the Complaint, to the extent said allegations state a legal conclusion, no response is required.  To the extent the allegations of Paragraph 68 of the Complaint are construed to require a response from this Defendant, they are denied as stated, and this Defendant demands strict proof thereof.

69.     In answering the allegations of Paragraph 69 of the Complaint, to the extent said allegations state a legal conclusion, no response is required.  To the extent the allegations of Paragraph 69 of the Complaint are construed to require a response from this Defendant, they are denied as stated, and this Defendant demands strict proof thereof.

70.     In answering the allegations of Paragraph 70 of the Complaint, to the extent said allegations state a legal conclusion, no response is required.  To the extent the allegations of Paragraph 70 of the Complaint are construed to require a response from this Defendant, they are denied as stated, and this Defendant demands strict proof thereof.

71.     In answering the allegations of Paragraph 71 of the Complaint, to the extent said allegations state a legal conclusion, no response is required.  To the extent the allegations of

Paragraph 71 of the Complaint are construed to require a response from this Defendant, they are denied as stated, and this Defendant demands strict proof thereof.

72.     In answering the allegations of Paragraph 72 of the Complaint, to the extent said allegations state a legal conclusion, no response is required. To the extent the allegations of Paragraph 72 of the Complaint are construed to require a response from this Defendant, they are denied as stated, and this Defendant demands strict proof thereof.

73.     In answering the allegations of Paragraph 73 of the Complaint, to the extent said allegations state a legal conclusion, no response is required. To the extent the allegations of Paragraph 73 of the Complaint are construed to require a response from this Defendant, they are denied as stated, and this Defendant demands strict proof thereof.

74.     To the extent the allegations in Paragraph 74 are directed towards another Defendant, no response is required. To the extent the allegations in Paragraph 74 are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

75.     To the extent the allegations in Paragraph 75 are directed towards another Defendant, no response is required. To the extent the allegations in Paragraph 75 are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

76.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 76 of the Complaint and therefore denies the same.

77.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 77 of the Complaint and therefore denies the same.

78.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 78 of the Complaint and therefore denies the same.

79. To the extent the allegations in Paragraph 79 are direct towards another Defendant, no response is required. To the extent the allegations in Paragraph 79 are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

80. To the extent the allegations in Paragraph 80 are directed towards another Defendant, no response is required. To the extent the allegations in Paragraph 80 are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

81. Defendant is without sufficient information to form a belief as to the allegations of Paragraph 81 of the Complaint and therefore denies the same.

82. To the extent the allegations in Paragraph 82 are directed towards another Defendant, no response is required. To the extent the allegations in Paragraph 82 are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

83. To the extent the allegations in Paragraph 83 are direct towards another Defendant, no response is required. To the extent the allegations in Paragraph 83 are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

84. To the extent the allegations in Paragraph 84 are direct towards another Defendant, no response is required. To the extent the allegations in Paragraph 84 are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

85. Defendant is without sufficient information to form a belief as to the allegations of Paragraph 85 of the Complaint and therefore denies the same.

86. To the extent the allegations in Paragraph 86, including subparts, are directed towards another Defendant, no response is required. To the extent the allegations in Paragraph 86, including subparts, are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

87.     In response to Paragraph 87 of the Complaint, Defendant reiterates its responses to Paragraphs 1 through 86 above as if fully set forth verbatim herein.

88.     To the extent the allegations in Paragraph 88 are direct towards another Defendant, no response is required.  To the extent the allegations in Paragraph 88 are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

89.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 89 of the Complaint and therefore denies the same.

90.     To the extent the allegations in Paragraph 90 are direct towards another Defendant, no response is required.  To the extent the allegations in Paragraph 90 are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

91.     In response to Paragraph 91 of the Complaint, Defendant reiterates its responses to Paragraphs 1 through 90 above as if fully set forth verbatim herein.

92.     To the extent the allegations in Paragraph 92 are direct towards another Defendant, no response is required.  To the extent the allegations in Paragraph 92 are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

93.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 93 of the Complaint and therefore denies the same.

94.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 94 of the Complaint and therefore denies the same.

95.     Defendant denies the allegations of Paragraph 95 upon information and belief and demands strict proof thereof.

96. To the extent the allegations in Paragraph 96 are direct towards another Defendant, no response is required. To the extent the allegations in Paragraph 96 are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

97. In response to Paragraph 97 of the Complaint, Defendant reiterates its responses to Paragraphs 1 through 96 above as if fully set forth verbatim herein.

98. To the extent the allegations in Paragraph 98 are directed towards another Defendant, no response is required from this Defendant. To the extent the allegations in Paragraph 98 state a legal conclusion or are a resuscitation of statute, no response is required. To the extent the allegations of Paragraph 98 of the Complaint are construed to require a response from this Defendant, they are denied as stated, and Defendant demands strict proof thereof.

99. To the extent the allegations in Paragraph 99 are directed towards another Defendant, no response is required from this Defendant. To the extent the allegations in Paragraph 99 state a legal conclusion or are a resuscitation of statute, no response is required. To the extent the allegations of Paragraph 99 of the Complaint are construed to require a response from this Defendant, they are denied as stated, and Defendant demands strict proof thereof.

100. To the extent the allegations in Paragraph 100 are directed towards another Defendant, no response is required from this Defendant. To the extent the allegations in Paragraph 100 state a legal conclusion, no response is required. To the extent the allegations of Paragraph 100 of the Complaint are construed to require a response from this Defendant, they are denied as stated, and Defendant demands strict proof thereof.

101. To the extent the allegations in Paragraph 101 are directed towards another Defendant, no response is required from this Defendant. To the extent the allegations in Paragraph 101 state a legal conclusion or are a resuscitation of statute, no response is required.

To the extent the allegations of Paragraph 101 of the Complaint are construed to require a response from this Defendant, they are denied as stated, and Defendant demands strict proof thereof.

102. To the extent the allegations in Paragraph 102 are directed towards another Defendant, no response is required from this Defendant. To the extent the allegations of Paragraph 102 of the Complaint are construed to require a response from this Defendant, they are denied as stated, and Defendant demands strict proof thereof.

103. To the extent the allegations in Paragraph 103 are directed towards another Defendant, no response is required from this Defendant. To the extent the allegations in Paragraph 103 state a legal conclusion or are a resuscitation of statute, no response is required. To the extent the allegations of Paragraph 103 of the Complaint are construed to require a response from this Defendant, they are denied as stated, and Defendant demands strict proof thereof.

104. To the extent the allegations in Paragraph 104 are directed towards another Defendant, no response is required from this Defendant. To the extent the allegations in Paragraph 104 state a legal conclusion or are a resuscitation of statute, no response is required. To the extent the allegations of Paragraph 104 of the Complaint are construed to require a response from this Defendant, they are denied as stated, and Defendant demands strict proof thereof.

105. To the extent the allegations in Paragraph 105 are directed towards another Defendant, no response is required from this Defendant. To the extent the allegations of Paragraph 105 of the Complaint are construed to require a response from this Defendant, they are denied as stated, and Defendant demands strict proof thereof.

106.    To the extent the allegations in Paragraph 106 are directed towards another Defendant, no response is required from this Defendant.  To the extent the allegations of Paragraph 106 of the Complaint are construed to require a response from this Defendant, they are denied as stated, and Defendant demands strict proof thereof.

107.    In response to Paragraph 107 of the Complaint, Defendant reiterates its responses to Paragraphs 1 through 106 above as if fully set forth verbatim herein.

108.    To the extent the allegations in Paragraph 108, including subparts, are directed towards another Defendant, no response is required.  To the extent the allegations in Paragraph 108, including subparts, are directed towards this Defendant, they are denied, and this Defendant demands strict proof thereof.

## FOR A SECOND DEFENSE

109.    Defendant would show that Plaintiff's claims fail to state facts sufficient to constitute a cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and, therefore, Plaintiff's Complaint should be dismissed in whole or in part, with costs, under this standard.

## FOR A THIRD DEFENSE

110.    The Plaintiff's claims should be barred or reduced as a result of the Plaintiff's own negligence, recklessness, and assumption of the risk.

## FOR A FOURTH DEFENSE

111.    Defendant would show that any injuries or damages sustained by the Plaintiff was due to Plaintiff's own negligent, careless, reckless and grossly negligent acts or omissions which combined and concurred with any negligence on the part of this Defendant (such negligence on the part of this Defendant being specifically denied), to produce such injuries or damages, if any,

and without which such injuries or damages would not have occurred. Defendant pleads such negligence, carelessness, recklessness and gross negligence on the part of the Plaintiff and would ask that this court compare the negligence of the Plaintiff and the Defendant, and if it is determined that the Plaintiff's negligence, carelessness, recklessness and gross negligence was greater than the negligence, carelessness, recklessness and gross negligence of the Defendant (such negligence, carelessness, recklessness and/or gross negligence on the part of the Defendant being specifically denied), then the Plaintiff should be totally barred from recovery, and if it is determined that the Plaintiff's negligence, carelessness, recklessness and gross negligence is equal to or less than the negligence of the Defendant, then the amount of recovery available to the Plaintiff should be reduced by the percentage of the Plaintiff's own negligence, carelessness, recklessness and gross negligence.

### FOR A FIFTH DEFENSE

112. Defendant would show that the Plaintiff had the last clear chance to avoid the accident and therefore the Plaintiff's recovery is barred or alternatively should be reduced in proportion to the Plaintiff's own comparative fault in failing to avoid the accident.

### FOR A SIXTH DEFENSE

113. Defendant asserts that Plaintiff's alleged damages were not caused by any departure or deviation from any applicable standard of care.

### FOR A SEVENTH DEFENSE

114. The damages allegedly suffered by Plaintiff, if any, was caused, in whole or in part, by Plaintiff's failure to take reasonable steps to minimize or prevent such damages, and the recovery of Plaintiff's alleged damages should be denied, or in the alternative, reduced in direct proportion to Plaintiff's own failure to mitigate.

## FOR AN EIGHTH DEFENSE

115.    Plaintiff's damages, if any, are the direct and proximate result of intervening and superseding acts of parties not affiliated with Defendant and not under Defendant's domain or control.

## FOR A NINTH DEFENSE

116.    Plaintiff's claims are barred, whole or in part, because they are the result of the negligence of the Plaintiff or are caused in whole or in part by Plaintiff.

## FOR A TENTH DEFENSE

117.    Any award of punitive damages should not exceed the greater of three (3) times the amount of compensatory damages awarded to each claimant entitled thereto or the sum of five hundred thousand dollars as provided for in S.C. Code Ann. §15-32-530.

## FOR AN ELEVENTH DEFENSE

118.    Pursuant to S.C. Code Ann. §15-32-520, any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and compensatory damages.

## FOR A TWELFTH DEFENSE

119.    Defendant would show, upon information and belief, that the Plaintiff's claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that this Defendant could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because the Defendant can be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are,

therefore, quasi-criminal in nature; Plaintiff's claim for punitive damages violates these Defendants' right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills this Defendant's exercise of that right; the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed, the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiff's claim for punitive damages should be dismissed.

## FOR A THIRTEENTH DEFENSE

120.   Defendant would show that Plaintiff has failed to state a claim for which punitive damages are recoverable under any applicable law as there is no reckless, willful, wanton, or grossly negligent conduct on the part of this Defendant; therefore, Plaintiff's claims for punitive damages should be dismissed.

## FOR A FOURTEENTH DEFENSE

121.   To the extent the facts as revealed in discovery support such a defense, this Defendant would show that the harm of which Plaintiff complains was open and obvious, for which this Defendant did not owe Plaintiff a duty.

## FOR A FIFTEENTH DEFENSE

122.   Defendant would show that such injuries and damages as the Plaintiff sustained, if any, were due to and caused and occasioned by the voluntary actions of the Plaintiff, taken with full knowledge of the risks associated therewith, of which the Plaintiff, in the exercise of due

care, should have known or appreciated and, therefore, the Defendant pleads Plaintiff's voluntary assumption of a known risk as a complete bar to this action.

## FOR A SIXTEENTH DEFENSE

123.    To the extent applicable, Defendant would show that any damages incurred by Plaintiff was the direct and proximate result of the negligence, gross negligence, recklessness, willfulness and/or wantonness of a third party or parties over whom Defendant had no control and whose acts or omissions were not reasonably foreseeable to Defendant.  Defendant is informed and believes that the superseding and intervening negligence, gross negligence, willfulness, recklessness, and wantonness of the third party or parties completely bars any recovery against this Defendant.

## FOR A SEVENTEENTH DEFENSE

124.    To the extent the facts support such a defense, any judgment rendered against Defendant in this action should be limited to the fault, if any, attributable to Defendant.  In accordance with South Carolina law on joint and several liability, any and all other persons or parties who were negligent or at fault should be joined as necessary parties for the purpose of comparing their fault or negligence to the alleged fault or negligence of Defendant (Defendant denies it was negligent).  Defendant asserts, in its entirety, the South Carolina doctrine of joint and several liability and/or doctrine of apportionment of damages.

## FOR AN EIGHTEENTH DEFENSE

125.    Any recovery by Plaintiff must be setoff or reduced, abated, or a portion to the extent that any other parties' actions caused or contributed to damages, if any.

**FOR A NINETEENTH DEFENSE**

126.    Defendant would allege and show that Plaintiff's claims are barred by S.C. Code Ann. § 15-73-20.

**FOR A TWENTIETH DEFENSE**

127.    Defendant would show that Plaintiff should be required to elect between causes of action for negligence and breach of warranty as such causes of action are mutually exclusive and consistent with and dependent upon different alleged sources of alleged duties owed by this Defendant or Plaintiff.

**FOR A TWENTY-FIRST DEFENSE**

128.    Defendant would show that Plaintiff's claims are barred by the doctrines of estoppel, laches, release and/or waiver.

**FOR A TWENTY-SECOND DEFENSE**

129.    To the extent the facts support such a defense as revealed in discovery, Defendant cannot be liable to the extent the subject product has been altered or modified by persons other than Defendant after leaving its possession and control, if at all.

**FOR A TWENTY-THIRD DEFENSE**

130.    Defendant would show that its liability, if any, is specifically precluded by the presence of a learned intermediary or intermediaries whose acts, omissions, or fault are the proximate cause of Plaintiff's injuries, damages, or losses, if any.

**FOR A TWENTY-FOURTH DEFENSE**

131.    Defendant would show that the claims against it are barred, in whole or in part, by the sophisticated user doctrine.

### FOR A TWENTY-FIFTH DEFENSE

132.    To the extent the facts support such a defense as revealed in discovery, Defendant would show, upon information or belief, that the alleged injuries of the Plaintiff were the result of misuse, abuse or improper use of the product, and Defendant pleads such misuse, abuse, or improper use as a complete defense to this action.

### FOR A TWENTY-SIXTH DEFENSE

133.    Defendant affirmatively pleads all defenses that are or may become available to it under Restatement Second of Torts § 402A and the comments thereto as codified by S.C. Code Ann. § 15-73-30.

### FOR A TWENTY-SEVENTH DEFENSE

134.    To the extent applicable to this Defendant and as revealed in discovery, Defendant would show that it complied with all industry standards or the state-of-the-art prevailing in the industry, thus barring the Plaintiffs' claims against it.

### FOR A TWENTY-EIGHTH DEFENSE

135.    Defendant would show that it had no duty to warn about possible dangers or hazards, if any, which were not known or which were not capable of being known.

### FOR A TWENTY-NINTH DEFENSE

136.    This Defendant would assert that the Plaintiff has failed to properly serve the Defendant and that this matter should be dismissed for insufficiency of process and insufficiency of service of process in accordance with Rule 12(b)(4) and Rule 12(b)(5) of the Federal Rules of Civil Procedure.

## FOR A THIRTIETH DEFENSE

137.    Defendant reserves the right to assert any further defenses as may be revealed by additional information acquired during discovery or otherwise from any other party herein. Defendant further incorporates by reference the defenses of all other Defendants to the extent available to this Defendant.

WHEREFORE, having fully answered, Defendant ePicker, LLC, prays that the Plaintiff's Complaint be dismissed, with costs, and for such other and further relief as the Court may deem just and proper.  Defendant demands a trial by jury.

Respectfully submitted,

ROBINSON GRAY STEPP & LAFFITTE, L.L.C.

By:  s/ Cordes B. Kennedy
      Rebecca Laffitte (Fed I.D. No. 1036)
      rlaffitte@robinsongray.com
      J. Michael Montgomery (Fed I.D. No. 10290)
      mmontgomery@robinsongray.com
      Cordes B. Kennedy (Fed I.D. No. 12987)
      ckennedy@robinsongray.com
      Haley S. Moorman (Fed I.D. No. 13349)
      hmoorman@robinsongray.com
      2151 Pickens Street, Suite 500
      Post Office Box 11449
      Columbia, South Carolina 29211
      (803) 929-1400
      *Attorneys for Defendant ePicker LLC*

Columbia, South Carolina

April 16, 2026