IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| KENNETH PARADISO, | ) | Civil Action No.  5:25-CV-14034-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| EPICKER, LLC, ATLANTA FORK | ) | |
| LIFTS, INC., ADVANCED MATERIAL | ) | |
| HANDLING, LLC, ADVANCED | ) | |
| MATERIAL HANDLING SYSTEMS, E-P | ) | **DEFENDANT EPICKER, LLC'S** |
| EQUIPMENT CO., LTD. A/K/A EP | ) | **MOTION FOR EXTENSION OF TIME** |
| EQUIPMENT CO., LTD, E-P | ) | **TO RESPOND TO DISCOVERY** |
| EQUIPMENT, USA CORP. A/K/A EP | ) | |
| EQUIPMENT, USA CORP., TOYOTA | ) | |
| FORKLIFTS OF ATLANTA, LLC, | ) | |
| TOYOTA MATERIAL HANDLING, | ) | |
| INC., AND BIG LIFT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Defendant ePicker, LLC hereby moves, pursuant to Rule 6(b) of the Federal Rules of

Civil Procedure and Local Civ. Rule 6.01 (D.S.C.), for an Order extending the time for it to

respond to Plaintiff's discovery requests.  In support thereof, Defendant ePicker states as

follows:

## **GENERAL BACKGROUND**

1.      This is a product liability case wherein the Plaintiff allegedly suffered an injury at

work while using an allegedly defective pallet jack machine (Model JX2-144).  *See* Compl. ¶¶

18–20, ECF No. 1-1.  Plaintiff generally alleges that the pallet jack was manufactured by

Defendant Epicker LLC, and/or three other defendants, including E-P Equipment Co., Ltd. a/k/a

EP Equipment Co., Ltd.; E-P Equipment, USA Corp. a/k/a EP Equipment, USA Corp.; and Big

Lift, LLC.  *Id*. ¶ 24.

2.      Plaintiff commenced suit on October 21, 2025, in the Bamberg County Court of Common Pleas, and it was removed to this Court on December 30, 2025 by Defendants Big Lift, LLC; Advanced Material Handling Systems, Inc.; Advanced Material Handling, LLC; Atlanta Fork Lifts, Inc.; Toyota Material Handling, Inc; and Toyota Forklifts of Atlanta, LLC. *See* Notice of Removal, ECF No. 1. At the time of removal, Defendant ePicker had not been served and thus had not appeared in the case.

3.      Critically, Defendant ePicker is not a cognizable entity. Upon information and belief, ePicker was originally organized in Delaware but was "voluntarily cancelled" on August 1, 2024, before this lawsuit was filed.[1] Also, ePicker was purchased by Defendant Big Lift and merged into Big Lift's operations before this lawsuit commenced.[2] Defendant Big Lift confirmed as much in the Notice of Removal, stating: "Defendant ePicker, LLC, is…wholly owned by Defendant Big Lift, LLC." Notice of Removal ¶ 10, ECF No. 1.

4.      Because ePicker is not a cognizable entity and has fully merged into Big Lift — who is represented by counsel — the undersigned believes he cannot respond to Plaintiff's discovery requests without Big Lift's cooperation. Upon information and belief, Big Lift possesses the information necessary for the undersigned to respond to Plaintiff's discovery requests. From the outset of this case, the undersigned has openly communicated with both Plaintiff and Big Lift's counsel regarding these and related issues.

**PROCEDURAL HISTORY**

5.      The undersigned was retained to represent ePicker, LLC, as an additional insured under a policy issued by Federated Mutual Insurance Company. However, because ePicker was

---

[1]      *See* Exh. A, Delaware SOS.

[2]      https://bigjoeforklifts.com/news/big-lift-llc-acquires-epicker-llc.

acquired by Big Lift, the undersigned tendered the defense of ePicker to Big Lift on February 6, 2026. To date, Big Lift has neither confirmed nor denied the tender.

6.      Initially, Plaintiff requested that the undersigned accept service of the Complaint for Defendant ePicker. However, because ePicker had merged into Big Lift, who is represented by counsel, the undersigned did not have authority from the client — ePicker — to accept service of the pleadings. Further, the tender of defense remained outstanding. The undersigned repeatedly attempted to communicate these issues with Plaintiff's counsel via phone and email. *See* Exh. A, Emails.

7.      On February 11, 2026, Plaintiff first attempted to serve Defendant ePicker with the Complaint and initial discovery requests through the South Carolina Secretary of State, citing state service statutes S.C. Code Ann. § 33-44-1008 and § 15-9-245. *See* Aff. of Serv., ECF No. 30-1. In response, Defendant ePicker filed a Motion to Dismiss for lack of sufficient service because ePicker — a nonexistent entity — cannot be "transacting business" in South Carolina for service to be affected on it through the Secretary of State. *See* Motion to Dismiss, ECF No. 33. Defendant also filed a Motion to Stay Discovery pending the outcome of the Motion to Dismiss. *See* Motion to Stay, ECF No. 46.

8.      On March 10, Plaintiff purportedly tried to serve ePicker again through its registered agent in Delaware, even though ePicker no longer existed as an entity.

9.      On April 16th, with ePicker's Motions still pending, the Court entered a Text Order requesting that Defendant ePicker either withdraw its Motions or explain why they are no longer moot given Plaintiff's most recent attempt at service. *See* Order, ECF No. 50. To avoid delay in this litigation, the undersigned filed an answer for Defendant ePicker withdrew its

Motions while continuing to preserve any available service-related defenses. *See* Answer, ECF No. 51.

10.     That same day, April 16th, the undersigned called Plaintiff's counsel to discuss next steps for completing discovery but did not receive a response. (*See* Exh. B, Email).

11.     On Friday, April 24th, the undersigned sent Plaintiff's counsel an email requesting a 30-day extension to respond to discovery, explaining that the tender of defense to Big Lift was outstanding, and that Big Lift's cooperation was needed to respond to discovery. *Id*. Plaintiff granted an extension until May 10th. *Id*.

12.     That next business day, April 27th, the undersigned communicated with Big Lift's counsel regarding the extension given by Plaintiff and the need for Big Lift's cooperation in order for ePicker to respond to Plaintiff's discovery requests. That same day, Big Lift's counsel confirmed that she was on vacation but would return on May 5th. Since returning, Big Lift's counsel has agreed to put the undersigned in contact with a Big Lift representative to help in this process, but that representative is now also on vacation but will return next week.

13.     Given Big Lift's acquisition of ePicker, and the fact that Big Lift is represented by counsel, the undersigned believes Big Lift's cooperation is required for ePicker to respond to Plaintiff's discovery requests. The undersigned anticipates speaking with Big Lift's personnel soon. For this reason, and to allow time for completing responses to Plaintiff's discovery requests, Defendant ePicker hereby requests from this Court an extension until June 15, 2026, to respond to Plaintiff's discovery requests.

14.     The undersigned affirms that this Motion is made in good faith and not for purposes of delay, and that the additional time requested is fair and reasonable given the circumstances described here.

Respectfully submitted this 15th day of May, 2026.

Respectfully submitted,

ROBINSON GRAY STEPP & LAFFITTE, L.L.C.

By: s/ Cordes B. Kennedy
    Rebecca Laffitte (Fed I.D. No. 1036)
    rlaffitte@robinsongray.com
    J. Michael Montgomery (Fed I.D. No. 10290)
    mmontgomery@robinsongray.com
    Cordes B. Kennedy (Fed I.D. No. 12987)
    ckennedy@robinsongray.com
    Haley S. Moorman (Fed I.D. No. 13349)
    hmoorman@robinsongray.com
    2151 Pickens Street, Suite 500
    Post Office Box 11449
    Columbia, South Carolina 29211
    (803) 929-1400
    *Attorneys for Defendant ePicker LLC*

Columbia, South Carolina

May 18, 2026