IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| KENNETH PARADISO, Plaintiff, vs. EPICKER, LLC, ATLANTA FORK LIFTS, INC., ADVANCED MATERIAL HANDLING, LLC, ADVANCED MATERIAL HANDLING SYSTEMS, E-P EQUIPMENT CO., LTD. A/K/A EP EQUIPMENT CO., LTD, E-P EQUIPMENT, USA CORP. A/K/A EP EQUIPMENT, USA CORP., TOYOTA FORKLIFTS OF ATLANTA, LLC, TOYOTA MATERIAL HANDLING, INC., AND BIG LIFT, LLC, Defendants. | Civil Action No. 5:25-CV-14034-MGL<br><br>**DEFENDANT EPICKER, LLC'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT, OR ALTERNATIVELY, MOTION FOR JUDGMENT ON THE PLEADINGS** |

**TO: P. BROOKE EAVES WRIGHT, ESQUIRE, COUNSEL FOR PLAINTIFF, AND TO THE PLAINTIFF ABOVE NAMED:**

YOU WILL PLEASE TAKE NOTICE that Defendant ePicker, LLC, hereby moves this Court, pursuant to Rules 12(b)(4), (5), and (6), or in the alternative, Rule 12(c), of the Federal Rules of Civil Procedure, for an Order dismissing ePicker, LLC, from the Plaintiff's Complaint. First, Defendant ePicker must be dismissed because it is a defunct, non-existent entity that was originally organized in Delaware but then voluntarily cancelled in August 2024, well before this lawsuit was commenced. A cancelled limited liability company cannot be sued as a matter of Delaware law. *See* 6 Del. C. § 18-201(b). In addition, Plaintiff has failed to affect service on ePicker, LLC, because a non-existent entity cannot be served through its former registered agent. *In re Reinz Wis. Gasket, LLC*, Civil Action No. 2022-0859-MTZ, 2023 Del. Ch. LEXIS 106, at *5

(Del. Ch. May 8, 2023) ("Because the entity is no longer viable, it no longer has a registered agent or active senior officers.").

## RELEVANT FACTS AND PROCEDURAL HISTORY

### I. The Lawsuit.

This lawsuit arises from a workplace injury involving an allegedly defective pallet jack machine (Model JX2-144). *See* Compl. ¶¶ 18–20, ECF No. 1-1. Plaintiff alleges that on March 22, 2023, he was operating the pallet jack at Pegasus Sports, LLC, in Denmark, South Carolina, when it malfunctioned, causing him injury. *Id*.

Plaintiff filed this suit on October 21, 2025, in the Bamberg County Court of Common Pleas, alleging product liability claims for negligence, strict liability, and breach of warranty against all Defendants. Plaintiff broadly alleges that the pallet jack was manufactured by Defendant Epicker LLC, and/or three other defendants: (1) Big Lift, LLC; (2) E-P Equipment Co., Ltd. a/k/a EP Equipment Co., Ltd.; and (3) E-P Equipment, USA Corp. a/k/a EP Equipment, USA Corp. *Id*. ¶ 24.[1] The remaining Defendants are generally alleged to have sold the defective machine in the chain of distribution. *See id*. ¶¶ 26, 27.

On December 30, 2025, the Defendants who had appeared in the case filed a Notice of Removal based on diversity jurisdiction. *See* Notice of Removal, ECF No. 1.

### II. Before this lawsuit was filed, Defendant ePicker, LLC, was cancelled as an entity on August 1, 2024.

Defendant ePicker was originally formed as a Delaware limited liability company on January 10, 2022. *See* Exh. A, Delaware SOS. However, almost a year and five months *before*

[1] Defendant Big Lift has appeared in this case. Big Lift is purportedly owned by Defendant EP Equipment Co., Ltd., a foreign company in China. *See* Big Lift's Ans. to Local Civ. Rule 26.01 Ints. ¶¶ C, H, ECF No. 9. Further, Defendant E-P Equipment, USA Corp., was purportedly dissolved as of 2019. *See* Notice of Removal, ECF No. 1 ¶ 4.

this lawsuit was filed, ePicker was "Voluntarily Cancelled" as an entity on August 1, 2024, and thus ceased to exist as of that date. *Id*.

Further, prior to ePicker's dissolution and cancellation in August of 2024, ePicker was wholly acquired by Defendant Big Lift, which Big Lift concedes in the Notice of Removal. *See* Notice of Removal ¶ 10, ECF No. 1 ("Defendant ePicker, LLC, is…wholly owned by Defendant Big Lift, LLC."). Upon information and belief, Defendant Big Lift purchased ePicker and merged it into its current operations,[2] after which ePicker was cancelled as an entity. Big Lift is a named party in this case and is represented by counsel. Therefore, ePicker was acquired by Big Lift *and* cancelled before Plaintiff filed this lawsuit.

**III. Plaintiff's service attempts on ePicker, LLC, as a non-existent entity.**

On March 4, 2026, Plaintiff filed an Affidavit of Service with this Court, claiming to have served Defendant ePicker, LLC, on February 11, 2026, through the South Carolina Secretary of State pursuant to state-specific service statutes, S.C. Code Ann. § 33-44-1008 and § 15-9-245.[3] *See* Aff. of Serv., ECF No. 30-1. However, these South Carolina service statutes apply only to a foreign company that is "transacting business" in the state without a certificate of authority. *See* § 33-44-1008(d). Here, however, ePicker did not exist as a corporate entity and thus could not possibly be transacting business in this state for purposes of subjecting it to service through the South Carolina Secretary of State. For that reason, on March 5th, the undersigned filed a Motion to Dismiss ePicker from the Complaint for insufficient service of process, arguing that ePicker — a non-existent entity formerly organized in Delaware — cannot be "transacting business" in South

2 https://bigjoeforklifts.com/news/big-lift-llc-acquires-epicker-llc.

3 Section 15-9-245 applies to corporations, whereas § 33-44-1008 applies to limited liability companies like ePicker, LLC.

Carolina for service to be affected through the South Carolina Secretary of State. *See* ePicker's Motion to Dismiss, ECF No. 33.[4]

On March 10th, within days of ePicker filing its original Motion to Dismiss, Plaintiff again attempted to serve ePicker, this time through ePicker's former registered agent in Delaware. *See* Aff. of Serv., filed Mar. 18, 2026, ECF No. 41. The undersigned learned of this service only because Plaintiff filed the Affidavit of Service with this Court, not because ePicker — a nonexistent entity — received service and reported same to the undersigned.

On April 16th, with ePicker's original Motion to Dismiss still pending in the current federal case, the Court entered a Text Order requesting that Defendant ePicker either withdraw its Motion by the end of the day (April 16) or explain why it was no longer moot given Plaintiff's most recent service attempt on the registered agent in Delaware. *See* Order, ECF No. 50. In an effort to comply with the Court before the end of the day, the undersigned filed an answer for Defendant ePicker on April 16th, but in doing so reserved all defenses for failure to state a claim and insufficient service of process arising from the Plaintiff's most recent service attempt on ePicker's former registered agent in Delaware. *See* Answer, ECF No. 51 ¶¶ 2, 109, 136. And, in response to Local Rule 26.01 Interrogatories, the undersigned again highlighted that ePicker was believed to have been "wholly acquired by Defendant Big Lift on or about November 26, 2023, before the current

[4] Unbeknownst to the undersigned at the time, Plaintiff filed a second lawsuit in the Bamberg County state court the day after ePicker filed its Motion to Dismiss. *See Kenneth Paradiso v. Epicker, LLC, Epicker, LLC., EP Equipment Co., Ltd., E-P Equipment, USA Corp.; Toyota Forklifts of Atlanta, LLC, and Zhejiang E-P Equipment Co., Ltd.*, filed Mar. 6, 2026, Civil Action No.: 2026-CP-05-00200. The new state court case arises out of the same events, and alleges the same product defect claims, that are currently pending in this federal case. In the new state court case, Plaintiff has named those Defendants — already named in this federal action — that he was unable to properly serve, either because the Defendant was non-existent or in China, including: ePicker; E-P Equipment, USA Corp.; E-P Equipment Co., Ltd.; and Toyota Forklifts of Atlanta, LLC. Plaintiff is attempting to hold each of those Defendants in default at the state court level.

suit was filed," and that "according to the Delaware Secretary of State's website, Defendant ePicker was dissolved on August 1, 2024, before suit was filed." *See* ePicker's Ans. to Local Civ. R. 26.01 Int. Nos. 3, 8, ECF No. 56.

On April 29, 2026, the undersigned ordered a certified copy of ePicker's Certificate of Cancellation from the Delaware Secretary of State's office. On May 27th, after failing to receive the Certificate, the undersigned followed up on the matter and learned that the Secretary of State's office was significantly delayed in processing orders. Therefore, on May 27th, the undersigned ordered another copy of the materials, this time incurring charges for 24-hour rushed delivery. Just today, the date of this Motion, the undersigned received the Certificate at Exhibit A, which has been certified by the Delaware Secretary of State.

## STANDARD OF REVIEW

"Under Rule 12(b)(5), a defendant can move to dismiss a complaint where service of process failed to comply with the requirements of Rule 4 of the Federal Rules of Civil Procedure." *Simmons v. Stokes*, No. 8:11-cv-00175, 2011 WL 2198298 at *1 (D.S.C. 2011). "[A] failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998). "When a defendant files a motion to dismiss for insufficient service of process, the plaintiff bears the burden to establish service was proper under Federal Rule of Civil Procedure 4." *Stevens v. Welch*, Civil Action No. 3:22-00559-MGL, 2022 U.S. Dist. LEXIS 208698, at *3 (D.S.C. Nov. 16, 2022). "Rule 4 is 'there to be followed, and plain requirements for the means of effecting service of process may not be ignored.'" *Nowlin v. UPS*, Civil Action No. 4:24-cv-3983-JD-TER, 2025 U.S. Dist. LEXIS 133327, at *5 (D.S.C. June 3, 2025) (citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). "If there is no such entity as a captioned defendant, all claims

against that non-existent entity must be dismissed." *Cropp v. Golden Arch Realty Corp.*, Civil Action No. 2:08-cv-0096-CWH, 2009 U.S. Dist. LEXIS 152045, at *5 (D.S.C. Mar. 30, 2009).

Additionally, "[a] motion brought pursuant to Rule 12(c), [FRCP] is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Xunhui Cheng v. Liu*, No. 4:20-cv-01726-JD, 2026 U.S. Dist. LEXIS 7319, at *5 (D.S.C. Jan. 14, 2026). A motion made per Rule 12(c), FRCP, "permits a party to raise procedural defects that become apparent only after the opposing party has filed an answer, thereby enabling the court to address such deficiencies at an appropriate juncture in the proceedings." *Id.*

## **ARGUMENT**

### I. This Court must apply Delaware law in considering whether ePicker, LLC, can be sued in tort.

As an initial matter, this Court must apply the laws of the state of Delaware in determining whether ePicker — a cancelled Delaware limited liability company — may be sued. "South Carolina recognizes foreign limited liability companies and applies the laws of the state under which such an entity is organized to 'govern its organization and internal affairs and the liability of its managers, members, and their transferees.'" *HOB Entm't, Inc. v. SilkHOB, LLC*, Civil Action No. 4:08-cv-02783-TLW-SVH, 2011 U.S. Dist. LEXIS 9252, at *11-12 (D.S.C. Jan. 28, 2011) (citing S.C. Code Ann. § 33-44-1001(a)); *see also Oklahoma Natural Gas Co. v. Oklahoma*, 273 U.S. 257, 259-60 (1927) (stating a terminated corporation continues to exist "for litigating purposes" only if the law of "the State which brought the corporation into being" authorizes it to do so); *BLH, Inc. v. United States,* 2 Cl. Ct. 463, 466 (1983) ("A private corporation is an artificial entity that is created by statute, and it can exist only under the express law of the state or

sovereignty by which it was created. After dissolution, there must be some statutory authority for the prolongation of its life.").

**II. Delaware law precludes the Plaintiff from suing ePicker, a cancelled (nonexistent) entity, and from serving process on ePicker through its former registered agent.**

According to Delaware statute, "[a] limited liability company is formed at the time of the filing of the initial certificate of formation in the office of the Secretary of State." 6 Del. C. § 18-201(b). Once formed, the limited liability company shall exist as "a separate legal entity…***until cancellation of the limited liability company's certificate of formation***." *Id.* (emphasis added). "When a certificate of cancellation is filed for an entity, its existence as a jural entity ceases. Its legal existence ends." *In re Reinz Wis. Gasket, LLC*, Civil Action No. 2022-0859-MTZ, 2023 Del. Ch. LEXIS 106, at *5 (Del. Ch. May 8, 2023). "Once a certificate of cancellation is filed, the entity ceases to exist as a body corporate or legal person," and "[t]he entity loses the capacity to sue or be sued." *In re New Media Inv'rs II Ltd. Liab. Co.*, No. 2024-0413-LWW, 2026 Del. Ch. LEXIS 37, at *12 (Del. Ch. Jan. 27, 2026). "[A]bsent statutory authority, no claim may be brought against a dissolved entity." *Metro Commun. Corp. BVI v. Advanced Mobilecomm Techs. Inc.*, 854 A.2d 121, 138 (Del. Ch. 2004).[5] Similarly, when an entity is cancelled and ceases to exist, "it no longer has a registered agent or active senior officers upon whom personal service could be perfected." *Tratado de Libre Commercio, LLC v. Splitcast Tech., LLC*, No. 2019-0014-JRS, 2019 Del. Ch. LEXIS 79, at *2 (Del. Ch. Mar. 6, 2019).

---

[5] This is both the statutory and common law rule in Delaware. *Id.* ("Moreover, § 18-803(b) of the LLC Act provides that suit generally may be brought by or against a limited liability company only until the certificate of cancellation is filed."); *In re Citadel Indus., Inc.*, 423 A.2d 500, 503 (Del. Ch. 1980) ("At common law, the dissolution of a corporation abruptly ended its existence, thus abating all pending actions by and against it and terminating its capacity thereafter to sue or be sued.").

Here, Plaintiff filed the underlying lawsuit almost 446 days *after* ePicker had been cancelled as an entity. Therefore, because ePicker was not a cognizable entity when suit was filed, it cannot be sued as a matter of Delaware law. *See Cropp v. Golden Arch Realty Corp.*, Civil Action No. 2:08-cv-0096-CWH, 2009 U.S. Dist. LEXIS 152045, at *5 (D.S.C. Mar. 30, 2009) ("If there is no such entity as a captioned defendant, all claims against that non-existent entity must be dismissed.").

Nor can Plaintiff serve a nonexistent entity — like ePicker — through its former registered agent in Delaware because nonexistent entities cannot appoint representatives to accept service. *See Tratado*, No. 2019-0014-JRS, 2019 Del. Ch. LEXIS 79, at *2 (holding that a dissolved entity cannot be served through traditional means available to a viable legal entity); *see also Cropp*, 2009 U.S. Dist. LEXIS 152045, at *7 (dismissing Arch Realty, LLC, an entity that had merged into McDonalds USA, for insufficient process because it failed to exist). In this instance, Plaintiff first attempted to serve ePicker through the South Carolina Secretary of State on February 11, 2026, one year and six months (557 days) after it had been cancelled. *See* Aff. of Serv., ECF No. 30-1. Then, after the undersigned filed a Motion to Dismiss that Complaint for insufficient process, *see* ePicker's Motion to Dismiss, ECF No. 33, Plaintiff attempted to re-serve ePicker through its Delaware registered agent on March 10. *See* Aff. of Serv., ECF No. 41. In each case, Plaintiff's service attempts are improper and ineffective, and dismissal is appropriate here because a nonexistent entity cannot be served through its former registered agent.

## IV. Dismissing ePicker does not preclude Plaintiff from pursuing her claims against Big Lift, LLC, the successor in interest to ePicker.

Upon information and belief, South Carolina common law allows Plaintiff to continue her product defect claims against ePicker's successor-in-interest, Big Lift and/or its subsidiaries. *See Nationwide v. Eagle Window & Door*, 424 S.C. 256, 263, 818 S.E.2d 447, 451 (2018) (reaffirming

the longstanding rule that a purchasing company is liable for the debts of a predecessor when there was an agreement to assume such debts, or where the acquisition amounts to a "consolidation or merger of the two corporations," as in the case of Big Lift and ePicker). Big Lift is believed to have acquired all interests in ePicker on or about November 2023, and Big Lift concedes in the Notice of Removal that it "wholly owned" ePicker, at least before the company was cancelled. Notice of Removal ¶ 10, ECF No. 1.[6] Therefore, ePicker's dismissal does not bar Plaintiff's claims against Big Lift, nor does it prejudice Plaintiff's ability to obtain relevant discovery regarding the subject machine and its design since Big Lift acquired ePicker and would have that information.

## **CONCLUSION**

For these reasons, Plaintiff's Complaint should be dismissed against ePicker, LLC, because ePicker is a nonexistent entity and cannot be sued as a matter of law. Similarly, because ePicker no longer exists, it cannot be served through its former registered agent.

[signature page to follow]

[6] Tellingly, ePicker's Certificate of Cancellation filed on August 1, 2024, was signed by Tom Larchey, who is believed to be a representative of Big Lift or its subsidiaries/affiliates.

Respectfully submitted,

ROBINSON GRAY STEPP & LAFFITTE, L.L.C.

By: S / Cordes B. Kennedy

Rebecca Laffitte (Fed I.D. No. 1036)
rlaffitte@robinsongray.com
J. Michael Montgomery (Fed I.D. No. 10290)
mmontgomery@robinsongray.com
Cordes B. Kennedy (Fed I.D. No. 12987)
ckennedy@robinsongray.com
Haley S. Moorman (Fed I.D. No. 13349)
hmoorman@robinsongray.com
2151 Pickens Street, Suite 500
Post Office Box 11449
Columbia, South Carolina 29211
(803) 929-1400
*Attorneys for Defendant ePicker, LLC*

Columbia, South Carolina

June 8, 2026