IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

KENNETH PARADISO,

Plaintiff,

vs.

EPICKER, LLC, ATLANTA FORK LIFTS, INC., ADVANCED MATERIAL HANDLING, LLC, ADVANCED MATERIAL HANDLING SYSTEMS, E-P EQUIPMENT CO., LTD. A/K/A EP EQUIPMENT CO., LTD., E-P EQUIPMENT, USA CORP. A/K/A EP EQUIPMENT, USA CORP., TOYOTA FORKLIFTS OF ATLANTA, LLC, TOYOTA MATERIAL HANDLING, INC., AND BIG LIFT, LLC,

Defendants.

Civil Action No. 5:25-cv-14034-MGL

**MEMORANDUM IN SUPPORT OF DEFENDANT TOYOTA MATERIAL HANDLING, INC.'S MOTION FOR SUMMARY JUDMENT**

The Defendant, Toyota Material Handling Inc., through its undersigned counsel, submits the following memorandum in support of its motion for summary judgment.

## RELEVANT FACTS AND PROCEDURAL HISTORY

This action arises from a March 22, 2023 workplace injury sustained by the Plaintiff while working at Pegasus Sports, LLC. See Compl. ¶¶ 18, 19. The Plaintiff alleges he was using an ePicker Model JX2-144 lift (the "Subject Machine") when it malfunctioned, causing him to sustain severe injuries. See Compl. ¶ 19. The Plaintiff further alleges that the Subject Machine was manufactured, designed, sold, distributed, provided, produced, repaired, managed by, and under the control of all Defendants at the times relevant to the Complaint. See Compl. ¶¶ 23, 38, 39, 40.

The Complaint was filed October 21, 2025 in the Court of Common Pleas for Bamberg County, South Carolina. In short, the Complaint alleges Defendants product liability claims

against all Defendants for negligence, strict liability, breached of implied warranty of merchantability, breach of implied warranty for particular purpose, and violation of the South Carolina Unfair Trade Practices Act. The case was removed to this Court on December 30, 2025 based upon diversity jurisdiction by those Defendants who had appeared as of December 30, 2025. See Docket No.1. The issues in the case have been joined by the respective answers filed by Defendant Toyota Material Handling, Inc. (Docket No. 1-3); Defendants Atlanta Fork Lifts, Inc., Advanced Material Handling LLC, Advanced Material Handling Systems, and incorrectly named Toyota Forklifts of Atlanta, LLC (Docket No. 10); Defendant Big Lift, LLC (Docket No. 16); and Defendant ePicker, LLC (Docket No. 51). At this time, there has been no appearance made by the Defendants identified as E-P Equipment Co. Ltd. a/k/a EP Equipment Co., Ltd. Or the Defendant identified as E-P Equipment, USA Corp. a/k/a EP Equipment, USA Corp. A Clerk's Entry of Default has been entered as to E-P Equipment, USA Corp. (Docket No. 62).

## STANDARD OF REVIEW

"Under Rule 56 (c), summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 332 (1986) (citation and quotation marks omitted). "[T]he plain language of Rule 56 (c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will hear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 322-23. "[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there

is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1996) (citation and quotation marks omitted).

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex, 477 U.S. at 327 (citation and quotation marks omitted). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses[.]" Id. at 323-24.

**ARGUMENT**

Defendant Toyota Material Handling, Inc. ("this Defendant") is entitled to summary judgment because the Plaintiff has not and cannot provide evidence that this Defendant had any involvement in any manner with the Subject Machine being operated by the Plaintiff at the time of his injury.

In a products liability action, the plaintiff bears the burden of proving the defendant placed the Subject Machine in the stream of commerce as a seller, manufacturer, or other responsible party. See S.C. Code Ann. § 15-73-10. "A products liability case may be brought under several theories, including negligence, strict liability, and warranty." Rife v. Hitachi Constr. Mach. Co., 363 S.C. 209, 215, 609 S.E.2d 565, 568 (Ct. App. 2005). "[R]egardless of the theory on which the plaintiff seeks recovery, he must establish [that] . . . the product, at the time of the accident, was in essentially the same condition as when it left the hands of *the defendant*." Id. at 215, 609 S.E.2d at 568-69 (italics added). See also Small v. Pioneer Mach., 329 S.C. 448, 466, 494 S.E.2d 835, 844 (Ct. App. 1997) ("An essential element of any products liability claim is proof that the product at the time of the accident was in essentially the same condition as when it left the hands of *the defendant*.") (italics added).

Similarly, a plaintiff asserting a claim under the South Carolina Unfair Trade Practices Act "must show: (1) *the defendant* engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected public interest; and (3) the plaintiff suffered monetary or property loss as a result of *the defendant's* unfair or deceptive act(s)." Wright v. Craft, 372 S.C. 1, 23, 640 S.E.2d 486, 498 (Ct. App. 2006) (italics added).

As previously noted, the Complaint alleges against this Defendant (and all Defendants) product liability claims sounding in negligence, strict liability, warranty, and violation of the South Carolina Unfair Trade Practices Act. Essential to the Plaintiff's claims against this Defendant, regardless of the theory of recovery, is proof that the Subject Machine was in essentially the same condition as when it left the hands of this Defendant and/or that this Defendant engaged in an unfair or deceptive act in the conduct of trade or commerce. The Plaintiff has no such proof.

Indeed, the only evidence before the court is the Affidavit of Kaushik Ravichandran, this Defendant's Product Portfolio Director. The affidavit establishes that the Subject Machine is not a Toyota product. Ravichandran Aff. ¶ 8. It further confirms that the Subject Machine was not designed, manufactured, produced, sold, distributed controlled, provided, repaired, placed into the stream of commerce, and/or managed by this Defendant. Ravichandran Aff. ¶ 8. The Subject Machine was never in the hands of this Defendant and this Defendant did not engage in any act (unfair, deceptive, or otherwise) concerning the Subject Machine. Prior to July 15, 2024 (well over one year after the Plaintiff's March 22, 2023 accident), this Defendant did not have knowledge of, involvement with, or information regarding the Subject Machine being operated by the Plaintiff at the time of his injury. Ravichandran Aff ¶ 9.

**CONCLUSION**

There is no evidence linking Toyota Material Handling, Inc. to the ePicker Model JX2-144 lift that the Plaintiff was operating on March 22, 2023 and, therefore, no evidence to support Plaintiff's claims against this Defendant. Accordingly, Defendant Toyota Material Handling, Inc. is entitled to judgment as a matter of law.

*s/Matthew G. Gerrald*

Richard C. Thomas, Fed. ID No. 4068
Matthew G. Gerrald, Fed. ID No. 10055
Barnes, Alford, Stork & Johnson, LLP
1613 Main Street (29201)
Post Office Box 8448
Columbia, SC 29202-8448
(803)799-1111
richard@basjlaw.com
matt@basjlaw.com
Attorneys for Defendant Toyota Material Handling, Inc.

August 4, 2026