IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| KENNETH PARADISO,<br><br>Plaintiff,<br><br>vs.<br><br>EPICKER, LLC, ATLANTA FORK LIFTS, INC., ADVANCED MATERIAL HANDLING, LLC, ADVANCED MATERIAL HANDLING SYSTEMS, E-P EQUIPMENT CO., LTD. A/K/A EP EQUIPMENT CO., LTD, E-P EQUIPMENT, USA CORP. A/K/A EP EQUIPMENT, USA CORP., TOYOTA FORKLIFTS OF ATLANTA, LLC, TOYOTA MATERIAL HANDLING, INC., AND BIG LIFT, LLC,<br><br>Defendants. | Civil Action No. 5:25-CV-14034-MGL<br><br>**DEFENDANT EPICKER, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION TO AMEND THE COMPLAINT** |

Defendant ePicker, LLC, submits this Memorandum in Opposition to Plaintiff's Motion for an Extension of time to amend the Complaint.

First, as a procedural matter, Plaintiff never filed a Motion to Amend the Complaint. An Amended Complaint (or accompanying Motion) has not been filed with the Court or circulated between the parties, and thus this Defendant cannot discern what all Plaintiff would be amending in that pleading for purposes of evaluating its sufficiency and objecting to same. Too, the deadline to amend the pleadings has long passed per the Scheduling Order. *See* Amended Scheduling Order, ECF No. 27.

The current issue regarding amended pleadings arose in response to Defendant ePicker's Motion to Dismiss and/or Motion for Judgment on the Pleadings, wherein ePicker argued that (1) it had not been properly served with the pleadings, and (2) it could not be sued as a matter of law

because it was a cancelled Delaware entity.[1] In response to that Motion, Plaintiff argued (in part) that if service was not proper on ePicker, he should be allowed to have a receiver appointed for ePicker and additional time to perfect service on ePicker through the receiver. *See* Pl. Memo. in Opp at ECF No. 66, p. 7. On Reply, Defendant ePicker argued that Plaintiff may not nullify ePicker's certificate of cancellation on the basis that it improperly wound up its affairs in hopes of appointing a receiver so that he may proceed against ePicker. *See* Reply Brief, ECF No. 67, p. 5.

At bottom, Plaintiff may not retroactively revoke an entity's certificate of cancellation and appoint a receiver so that he can cure a pleading deficiency and continue his lawsuit against ePicker, a non-existent company. *See In re News Media*, No. 2024-0413-LWW, 2026 Del. Ch. LEXIS 37, at *14 (Del. Ch. Jan. 27, 2026). Too, Plaintiff has failed to allege any facts in the operative Complaint to support revoking or rescinding ePicker's certificate of cancellation. Rather, Plaintiff raises this argument now in an effort to cure a deficient service of the pleadings.

Plaintiff continues to insist that South Carolina law controls service issues as to ePicker, but the Federal Rules plainly state otherwise. Per the Rule, the "[c]apacity to sue or be sued is determined as follows: … (2) ***for a corporation, by the law under which it was organized***." Rule 17(b)(2), FRCP (emphasis added). Here, because ePicker was formed and cancelled in Delaware, Delaware law controls whether it may be sued. The United States Supreme Court, and a legion of district courts, have held same. *See Oklahoma Natural Gas Co. v. Oklahoma*, 273 U.S. 257, 259-60 (1927) (stating a foreign company's capacity to be sued "concerns the fundamental law of the corporation enacted by the State which brought the corporation into being"); *Chi. Title & Tr. Co. v. 4136 Wilcox Bldg. Corp.*, 302 U.S. 120, 124-25 (1937) ("[A] private corporation in this country

[1] Defendant ePicker incorporates by reference its Motion and Memorandum in Support thereof, along with its Reply Brief. *See* ECF No. 65 and 67.

can exist only under the express law of the state or sovereignty by which it was created. Its dissolution puts an end to its existence, the result of which may be likened to the death of a natural person."); *Hudson v. New Idea Corp.*, Civil Action No. 5:15-cv-04314-JMC, 2016 U.S. Dist. LEXIS 56343, at *6 (D.S.C. Apr. 28, 2016) ("When a corporation is dissolved, the federal courts look to state law to determine which claims and remedies survive against the corporation."); *HOB Entm't, Inc. v. SilkHOB, LLC*, Civil Action No. 4:08-cv-02783-TLW-SVH, 2011 U.S. Dist. LEXIS 9252, at *11-12 (D.S.C. Jan. 28, 2011) (looking to Delaware law to determine whether entity could be sued); *Ripalda v. Am. Operations Corp.*, 298 U.S. App. D.C. 189, 977 F.2d 1464, 1468 (1992) ("[A] corporation's capacity to sue and be sued in a federal court is determined by the law under which it was organized."); *BLH, Inc. v. United States,* 2 Cl. Ct. 463, 466 (1983) ("A private corporation is an artificial entity that is created by statute, and it can exist only under the express law of the state or sovereignty by which it was created. After dissolution, there must be some statutory authority for the prolongation of its life."); 4 Moore's Federal Practice - Civil § 17.26 ("The capacity of a corporation to sue or be sued is determined by the law under which it was organized. For a private American corporation, this provision refers to the state in which the company was incorporate.") (citing Rule 17(b)(2), FRCP).

In addition, on August 18, the Court entered a Text Order allowing Plaintiff even more time — until November 16 — to serve ePicker. *See* Order at ECF No. 78. To date, the undersigned is not aware of any other service attempts on ePicker, and no such record of additional service has been filed with the Court. Under Delaware law, a cancelled, non-existent entity cannot be sued.[2]

[2] A limited liability company ceases to exist upon filing a certificate of cancellation. *See* 6 Del. C. § 18-201(b) ("A limited liability company formed under this chapter shall be a separate legal entity, the existence of which as a separate legal entity shall continue until cancellation of the limited liability company's certificate of formation."). Once cancelled, the company's "legal existence ends," and "a defunct entity ceases to be a body corporate." *In re Reinz Wis. Gasket,*

And if ePicker cannot be sued because it does not exist, then it cannot be a party to the case. *Cropp v. Golden Arch Realty Corp.*, Civil Action No. 2:08-cv-0096-CWH, 2009 U.S. Dist. LEXIS 152045, at *5 (D.S.C. Mar. 30, 2009) ("If there is no such entity as a captioned defendant, all claims against that non-existent entity must be dismissed.").

Finally, Defendant ePicker has previously raised issue with the statute of limitation having passed, along with multiple Rule 4(m) deadlines for service. *See* Memo in Opp., ECF No. 77. EPicker incorporates those same objections here, particularly as it relates to Plaintiff's request for an Order allowing service on a receiver to relate back to the original Complaint and qualify as proper service on ePicker. Because ePicker is a non-existent entity, Plaintiff cannot substitute a receiver in its place for purposes of making ePicker an "existing" entity that can be sued.

Further, Rule 15(c)(1)(C) allows amendments to relate back to the original pleadings when there has been a change to the party or naming of the party against whom a claim is asserted, and the party to be brought in received notice of the action and knew or should have known the action would be brought against it. No such change is being proposed here. The putative receiver is not ePicker, LLC. And moreover, Plaintiff admittedly "does not know what name to list in the substituted and/or amended pleadings as the Receiver for ePicker, LLC." *See* ECF No. 89, pp. 2–3. Plaintiff seeks to name "John Doe" as a receiver, and to appoint the receiver later, all so that a suit can proceed against ePicker (a non-existent entity). Such an amendment does not relate back under the plain language of Rule 15, and no authority has been cited to support such an amendment.

---

*LLC*, Civil Action No. 2022-0859-MTZ, 2023 Del. Ch. LEXIS 106, at *5 (Del. Ch. May 8, 2023). Because a cancelled entity does not exist, "the entity loses the capacity to sue or be sued." *In re New Media Inv'rs II Ltd. Liab. Co.*, No. 2024-0413-LWW, 2026 Del. Ch. LEXIS 37, at *12 (Del. Ch. Jan. 27, 2026).

**CONCLUSION**

For the reasons above, Plaintiff's Motion should be denied. There is not an amended pleading before the Court to consider, and to the extent Plaintiff's motion qualifies as a proposed amendment, it should not relate back to otherwise cure ineffective service on a nonexistent Delaware entity.[3]

For these reasons, Plaintiff's Motion for an Extension should be denied.

Respectfully submitted,

ROBINSON GRAY STEPP & LAFFITTE, L.L.C.

By: S / Cordes B. Kennedy

Rebecca Laffitte (Fed I.D. No. 1036)
rlaffitte@robinsongray.com
J. Michael Montgomery (Fed I.D. No. 10290)
mmontgomery@robinsongray.com
Cordes B. Kennedy (Fed I.D. No. 12987)
ckennedy@robinsongray.com
Haley S. Moorman (Fed I.D. No. 13349)
hmoorman@robinsongray.com
2151 Pickens Street, Suite 500
Post Office Box 11449
Columbia, South Carolina 29211
(803) 929-1400
*Attorneys for Defendant ePicker, LLC*

Columbia, South Carolina

October 29, 2026

[3] Should the Court grant Plaintiff's Motion, ePicker asks that it maintain any and all defenses to that proposed pleading, and that no defenses be deemed waived by way of omission from this Memorandum in Opposition, especially when a proposed Amended Complaint has not been filed or circulated between the parties for purposes of evaluating the merits of same.